■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAILASH CHAN PANI, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Marasco, J.), rendered September 15, 1986, convicting him of grand larceny in the second degree and offering a false instrument for filing in the first degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the defendant's motion to dismiss the indictment pursuant to CPL 30.30.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by deleting the $185 surcharge imposed on the amount of restitution; as so modified, the judgment is affirmed, and the matter is remitted

to the County Court, Westchester County, for further proceedings pursuant to CPL 460.50 (5).

The defendant's contention that the indictment did not sufficiently state the operative facts constituting the larceny count is without merit. The indictment stated, *inter alia,* that the defendant illegally obtained an amount in excess of $1,500 through filing false Medicaid claims with the State's fiscal agents during the period from April 1981 through November 1983. This allegation notified the defendant of the crime for which he was indicted, and it contained sufficient information to preclude a further prosecution for the same offense *(see, People v Morris,* 61 NY2d 290, 295; *People v Iannone,* 45 NY2d 589, 598; CPL 200.50 [7] [a]). Moreover, we find that there is no evidence to support the defendant's position that the prosecutor unduly preconditioned the witnesses who testified before the Grand Jury, or that the Grand Jury itself was improperly constituted.

The defendant next contends that the indictment should have been dismissed because the People failed to announce they were ready for trial within six months of the filing of the indictment *(see,* CPL 30.30 [1] [a]). The People announced their readiness on March 21, 1986, which was 241 days after the filing of the indictment. However, only 111 days were chargeable to the People. The balance of the pretrial delay was directly attributable to defense motions *(see,* CPL 30.30 [4] [a]). In this regard, it is not necessary that "the People demonstrate that the defendant's motions actually caused the People's lack of readiness before such periods are excluded pursuant to CPL 30.30 (4) (a)" *(People v Heller,* 120 AD2d 612, 613, *lv denied* 68 NY2d 757). Thus, the court correctly found that the People were ready for trial within the time limitations contained in CPL 30.30.

As to the trial itself, the defendant contends that the verdict was against the weight of the evidence. Upon the exercise of our factual review power *(see,* CPL 470.15 [5]), we find that the evidence adduced at trial clearly establishes that the defendant billed Medicaid for medical procedures which were not performed, and that the total amount of these false billings exceeded $1,500. Accordingly, the verdict was not against the weight of the evidence. We further note that the defense was not prejudiced by introduction of the Medicaid manual and the claim forms.

The court's imposition, *inter alia,* of a sentence of six months' incarceration is not excessive. However, inasmuch as the statute authorizing a 5% surcharge on restitution (Penal

Law § 60.27 [8] [former (7)]), became effective on November 1, 1984, that is, following the date of the instant crimes, it is necessary to vacate the surcharge.

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Lawrence, Spatt and Balletta, JJ., concur.