OPINION OF THE COURT
Memorandum.
Order unanimously reversed upon the law, complaint reinstated and matters remanded for further proceedings.
Each of the defendants was charged with multiple counts of rape, sodomy, attempted sodomy, sexual abuse and endangering the welfare of a child in connection with an alleged incident involving a 16-year-old girl which took place on February 20, 1988 in Brooklyn. On March 7, 1988, the present criminal action was commenced with the filing of a felony complaint (see, CPL 1.20 [8], [17]), and defendants were arraigned thereon. On April 18, 1988, the People moved in open court to reduce the felony charges to misdemeanors, and the court made several notations in the file purporting to reflect the reductions. The People thereupon announced their readiness for trial. Subsequently, numerous adjournments and further statements of readiness occurred until, on March 9, 1989, the matter came on for trial before a different Judge, who was unable to determine from the papers, including the face of the complaint, what charges were reduced and to what they were reduced. On March 20, 1989, the instant motion to dismiss was served and filed.
At the outset, we note that there was never an effective reduction of the felony charges to misdemeanors, since the attempted methods used were not in compliance with statutory requirements (CPL 180.50 [3]; People v Minor, 144 Misc 2d 846, 848, lv denied 74 NY2d 666; People v Stack, NYLJ, Feb. 13, 1987, at 14, col 5 [App Term, 9th & 10th Jud Dists]). Although CPL 180.50 (3) (a) (iii) does permit such a reduction to be accomplished by attaching notations to the felony complaint, or a copy thereof, it is unclear from the record before us that the notations made by the court below were so attached. An examination of the notations themselves, more *584 over, reveals that they were in any event, too cryptic and ambiguous to be given effect. Thus, for example, they contained no reference to, or disposition of, one of the felonies appearing on the felony complaint (sexual abuse in the first degree). While the transcript for April 18, 1988 now reveals that the People intended that said charge be reduced to a violation of Penal Law § 130.55 (sexual abuse in the third degree), consideration may not be given to the same, since the accusatory instrument itself, together with attached notations, should reflect "the necessary and appropriate changes in the title of the instrument and in the names of the offense or offenses charged” (CPL 180.50 [3] [a] [iii]). Under the circumstances, therefore, the attempted reduction of the felony complaint, even though acquiesced in by defendants, was invalid and the felony complaint remained pending (see, CPL 1.20 [8]; People v Minor, supra). Inasmuch as the felony complaint should be deemed to be still pending in the case at bar, the applicable period for speedy trial purposes would be six months from the commencement of the action (supra; CPL 30.30 [1] [a]; see also, People v Kendzia, 64 NY2d 331).
We are also of the view that while a felony complaint remains pending, there may be excludable periods from the six-month time frame in which the People must be ready for trial (People v Worley, 66 NY2d 523; see also, People v Odoms, 143 Misc 2d 503). In Worley, the Court of Appeals held that even where a defendant’s actions do not prevent the People from obtaining an accusatory instrument sufficient for trial, he may waive delays in the proceedings by requesting or consenting thereto (People v Worley, supra, at 527).
When we consider the excludable periods between the commencement of the action in the case at bar and the bringing of the instant motion to dismiss for denial of a speedy trial (CPL 30.30), we conclude that the People’s six-month time limit has not been reached. From April 18 to May 12, 1988, there were 24 days of excludable time, since one of the defense attorneys was not present (see, People v Battles, 77 AD2d 405; People v Day, 139 Misc 2d 222, 224). From May 12 to June 20, 1988, 39 days of excludable time elapsed for the purpose of discovery (see, CPL 30.30 [4] [a]; People v Worley, supra). From June 20 to July 15, 1988, 25 days of excludable time elapsed for the purpose of resolving defense motions (CPL 30.30 [4] [a]; People v Worley, supra, at 525; People v Pani, 138 AD2d 532, 533, lv denied 71 NY2d 900). From July 15, 1988 to August 26, 1988, and from August 26, 1988 to *585 September 26, 1988, a combined total of 73 days of excludable time elapsed due to adjournments at defendants’ requests (CPL 30.30 [4] [b]; People v Worley, supra, at 527). Similarly, from November 15 to November 28, 1988, and from November 28 to December 15, 1988, and from December 15, 1988 to December 20, 1988, a combined total of 35 days of excludable time elapsed due to adjournments at defendants’ request or with their consent (People v Kopciowski, 68 NY2d 615). From February 7, 1989 (when a Wade hearing was held) to March 7, 1989, 28 days elapsed which were excludable because a defendant was ill, both he and his attorney failed to appear, and a decision had yet to be made on the Wade hearing (CPL 30.30 [4] [a]; People v Moorhead, 61 NY2d 851, 852; People v Imbesi, 38 NY2d 629; People v Ellis, 123 Misc 2d 544). On March 9, 1989, the instant motion to dismiss was orally made and, on March 20, served and filed. Between the former and latter dates, 11 days of excludable time elapsed (CPL 30.30 [4] [a]; People v Worley, supra, at 525).
Lastly, when all of the aforesaid excludable periods are calculated, the total number of days excludable comes to 235 days. The six-month period for a felony complaint would in this case have expired on September 7, 1988, but when 235 days are added thereto, the six-month expiration date becomes April 30, 1989 (see, People v Smith, 97 AD2d 485). Inasmuch as the instant motion was brought on March 20, 1989, we are of the opinion that it should have been denied.