■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN INSWOOD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered June 28, 1990, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court correctly determined that the People were ready for trial within the statutorily-prescribed six-month period from the filing of the indictment *(see,* CPL 30.30 [1] [a]). Contrary to the defendant's claim, the court properly considered the 64-day period between March 13, 1989, and May 16, 1989, within which the People were preparing their answer to

the defendant's omnibus motion, to be "reasonable" (CPL 30.30 [4] [a]; *cf., People v Toro,* 151 AD2d 142; *People v Pani,* 138 AD2d 532). The court also correctly concluded that this period of delay was attributable to the defendant's motion and, hence, excludable *(see,* CPL 30.30 [4] [a]; *see, People v Worley,* 66 NY2d 523, 527).

The trial court improvidently exercised its discretion in denying the defendant's request for a one-day continuance. The witnesses were identified to the court, appeared to have material testimony, were to be found within the jurisdiction, and were not located earlier because of the prosecution's failure to turn over *Brady* material to the defense, which revealed the existence of these witnesses *(see, People v Spears,* 64 NY2d 698; *People v Foy,* 32 NY2d 473). The court directed both parties to sum up prior to the testimony of the potential witnesses. When the witnesses were located, however, the court permitted the defense to reopen its case, after which both sides were permitted to deliver supplemental summations on the testimony just presented. Under these circumstances, the denial of the defense request for a continuance and the bifurcation of summations constituted harmless error *(see, People v Hernandez,* 137 AD2d 560).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Balletta, J. P., Rosenblatt, Miller and Ritter, JJ., concur.