OPINION OF THE COURT
Laura Safer Espinoza, J.
The defendant has moved to dismiss the accusatory instrument, alleging that his rights to a speedy trial have been *884 violated. This criminal action commenced on January 4, 1993 with the filing of a felony complaint. On January 16, 1993, the People reduced two of the felonies to misdemeanors but did not reduce the remaining one. Nonetheless, the court "deemed” the complaint a misdemeanor information on the People’s request. Almost two years later, on January 12, 1995, when the case came before this court for a bench trial, the remaining felony charge was dismissed and a prosecutor’s information was filed.
The defendant asserts that all time prior to January, 12, 1995 is chargeable because until then there was no accusatory instrument before the court on which the defendant could have been tried. He also contends that the applicable time period in which the People had to be ready for trial was 90 days. The People argue that they had six months from the filing of the felony complaint in which to be ready for trial. They contend their announcement of readiness on January 16, 1993 was timely and valid, at least as to the misdemeanor charges.
APPLICABLE TIME PERIOD
A felony complaint is an instrument which charges "the commission of one or more felonies and which serves to commence a criminal action but not as a basis for prosecution thereof.” (CPL 1.20 [8].) Regardless of consent or misunderstanding, an instrument containing a felony count cannot be deemed a misdemeanor information. By definition, a misdemeanor information, an instrument that does confer trial jurisdiction, can only charge "one or more offenses, none of which is a felony.” (CPL 1.20 [4].) Thus, despite the erroneous "deeming” of the instrument as a misdemeanor information on January 16, 1993, it remained a felony complaint, upon which the defendant could not be tried, until it was replaced in January 1995 with a prosecutor’s information.
For the purposes of analysis, this case is similar to those involving attempts to reduce felony complaints to misdemeanor instruments without adhering to CPL 180.50, which is the only statutory method by which felony complaints can be reduced and "converted” into misdemeanor informations. (People v Jones, 151 Misc 2d 582 [App Term, 2d Dept 1991]; People v Minor, 144 Misc 2d 846 [App Term, 2d Dept 1989]; People v Scott, NYLJ, Feb. 13, 1987, at 14, col 5 [App Term, 2d Dept].) In each of these cases the attempted reduction was a nullity and the felony complaint remained in force. The parties’ *885 acquiescence or mistaken belief that there was a valid misdemeanor instrument had no legal effect on the applicable time period, which remained six months pursuant to CPL 30.30 (1) (a). (People v Jones, supra; People v Minor, supra; see also, People v Tychanski, 78 NY2d 909 [1991] [CPL 30.30 (1) time periods to be strictly construed, absent specific statutory exceptions].)
The People have stated in their response papers that they "believed” they had reduced all of the felonies to misdemeanors, although they concede that one felony count remained for over two years. However, "consideration may not be given” to the fact that the People intended to reduce the felony charge, if no proper reduction occurred in fact. (People v Jones, supra, at 584.)
The People also state that "since 16 January 1993, the People abandoned completely and forever any intention of prosecuting the defendant on felony charges.” To now grant the People six months to prepare for trial — rather than the 90 days they would have had if they had dismissed the remaining felony charge at the point they knew they would not proceed on it — appears to reward them for their own laxity.[1] At least one court of concurrent jurisdiction, in an attempt to prevent the People from unfairly gaining extra time by delaying reduction of felony charges, limited them to 90 days from the date when they clearly knew they did not intend to proceed on the felony counts and the instrument should have been reduced. However, this holding was recently reversed on appeal. (People v Cortez, NYLJ, Nov. 22, 1991, at 23, col 3 [Crim Ct, Bronx County], revd NYLJ, Mar. 7, 1995, at 25, col 1 [App Term, 1st Dept].) Thus, this court is constrained to find under the current case law that the People had six months in which to be ready for trial on this case.
READINESS
This does not mean, however, that there are no speedy trial consequences flowing from the People’s failure to address *886 the remaining felony count prior to January 1995. While the People correctly cite People v Kendzia (64 NY2d 331 [1985]) for the proposition that "readiness” means "present readiness”, their announcement of readiness on January 16, 1993 on an instrument that conferred only limited jurisdiction on the Criminal Court does not fall within this definition. "[Present readiness for trial is established when the People have a valid accusatory instrument upon which the defendant may be brought to trial * * * and where the People have complied with all pending proceedings required to be decided before trial can commence.” (People v Caussade, 162 AD2d 4, 8 [2d Dept 1990] [citations omitted].) Thus, the People’s readiness was illusory since there existed no accusatory instrument upon which the defendant could be tried. (People v Stoneburner, 129 Misc 2d 722 [Syracuse City Ct 1995] [People cannot be deemed ready on felony complaint prior to proper reduction of felonies to misdemeanors]; People v Lyew, NYLJ, Dec. 18, 1989, at 29, cols 3, 4 [Crim Ct, Kings County] [where felony charge never properly reduced, "proclamation of readiness * * * ineffective since it has been found that the accusatory instrument was still a felony complaint”].)
The People make several arguments why their statement of readiness on January 16, 1993 was valid. They rely, for example, on the language of CPL 100.40, 170.30 and 30.30. However, the fact that a felony complaint may be facially sufficient as to its factual allegations pursuant to CPL 100.40 does not confer trial jurisdiction and does not satisfy the People’s obligation under People v Caussade (supra). CPL 170.30 does not apply to felony complaints. As to CPL 30.30, the People admit that it does not explicitly speak of a "count-by-count” analysis. The cases cited by the People for the most part are inapposite since they concern the proposition that different counts in a replacement instrument may have different calculations of time for the purposes of CPL 30.30 where some of the counts do not "relate back” to the initial accusatory instrument and therefore have a different date at which the action is said to have commenced. (People v Velie, 193 AD2d 1107 [4th Dept 1993]; People v Papa, 96 AD2d 601 [2d Dept 1983]; People v Lashway, 187 AD2d 747 [3d Dept 1992].) None of these cases bars finding, as this court does here, that the People cannot be ready for trial on a felony complaint on which no trial can take place.
*887 PARTIAL READINESS
The People assert that even if they could not have been ready on the remaining felony count, they were ready on the misdemeanors. They rely on People v Minor (144 Misc 2d 846, 848, supra) which, in dicta, noted that "[t]he clear import of the statutory language is that the People’s failure to timely proceed on one count of an accusatory instrument does not necessarily adhere to the remaining counts upon which the People could be ready for trial.” In the opinion of this court, this dicta is addressed to the reasoning of the lower court, which, erroneously proceeding on the premise that there was a valid misdemeanor complaint, had held that the People cannot be ready on some counts of a "hybrid” misdemeanor instrument but not on other counts. (136 Misc 2d 299 [Crim Ct, Kings County 1987].) This court is unable to find any cases v/herein courts have held that the People can be "partially ready” on misdemeanor charges contained in a felony complaint.
Indeed, in People v Jones (151 Misc 2d 582, supra), the Appellate Term, Second Department, implicitly affirms the principle that the People cannot announce ready on a misdemeanor count charged in a pending felony complaint. The facts in Jones are quite similar to those in the present case. The action commenced with a felony complaint charging several felonies and one misdemeanor and the People properly reduced all but one of the felonies and retained the misdemeanor. The People then announced their readiness and the case proceeded as if only misdemeanors were pending. The court relied on People v Minor (supra) only so far as they held that an improperly reduced felony complaint remained a felony complaint on which the People had six months to be ready. The Jones court, however, did not apply the dicta in Minor regarding what has become known as "partial readiness” to the People’s announcement of readiness as regards the misdemeanor count originally charged in the felony complaint. Instead they held the People were not ready and employed a prereadiness analysis to determine the chargeable time as to all counts. Similarly, this court finds that the People in the case at bar were not ready for trial prior to the filing of the prosecutor’s information on January 12, 1995.
EXCLUDABLE PERIODS
Despite the People’s lack of readiness on this case prior to January 12, 1995, subdivision (4) of CPL 30.30 provides for *888 certain periods of prereadiness delay to be excluded, even if these delays occur, as here, prior to the People’s converting a complaint into an instrument upon which a defendant may be tried. As the Court of Appeals noted in People v Worley (66 NY2d 523, 527 [1985]), "even though defendants’ actions did not prevent the People from obtaining accusatory instruments sufficient for trial, defendants waived delay in the proceedings by requesting or consenting to them.”
Courts have applied this principle to situations where a misdemeanor information is erroneously deemed after an improper "reduction” or other procedural infirmity.[2] In People v Jones (supra), for example, the Appellate Term reversed where the trial court had held that "any consent by the defendants and subsequent permission by the court was induced by a mistaken belief that a jurisdictionally sufficient information existed * * * [and the] 'consent’ adjournment and/or misdemeanor motion practices would not be excludable” while the felony complaint was still pending. (146 Misc 2d 665, 669 [Crim Ct, Kings County 1990] [emphasis added].) In rejecting this position, the Appellate Term specifically excluded periods of delay when defense attorney and/or defendant were not present, discovery delay, motion practice, delays to hold pretrial hearing, and adjournments at defendants’ requests or with their consent during the pendency of the felony complaint. (151 Misc 2d, at 584-585; see also, People v Comma, 146 Misc 2d 305, 311 [Crim Ct, Kings County 1990] [excluding adjournments made at defendant’s request and delays for motion practice and pretrial hearings, despite defendant’s contention that he could not have made "informed decision” on these delays because he acted on the mistaken belief that the felony complaint had been properly reduced to a misdemeanor information]; People v Lyew, supra [excluding motion time on in validly reduced felony complaint].)
BURDENS
Based on their erroneous position that they were ready on this case prior to the expiration of the six-month period, the People have not addressed the delays in question[3] but *889 rather have relied solely on language in People v Cortes (80 NY2d 201, 215 [1992]) that "the defendant ordinarily has the burden of showing that any postreadiness adjournments occurred under circumstances that should be charged to the People.” Whether or not the People’s papers in this case would have been sufficient had the delays occurred after a valid statement of readiness need not be addressed here since this court has already found that the delays in question must be analyzed as prereadiness delay. In cases of prereadiness delay, it is well settled that once the defendant has shown that more than the statutory time elapsed prior to an effective statement of readiness, the People have the burden of demonstrating that sufficient time is excludable under this section. (People v Santos, 68 NY2d 859 [1986]; People v Berkowitz, 50 NY2d 333 [1980].)
Despite the defendant’s erroneous contention that the applicable time period is 90 days, the defendant in his moving papers alleges that more than two years elapsed from the commencement of the action until the People had filed an instrument on which he could be tried and upon which the People could be ready. Thus, the People’s failure to address the vast majority of the delays which occurred over these two years makes it impossible for this court to make an informed decision as to the defendant’s assertion that his speedy trial rights have been denied. Accordingly, the People are hereby ordered to file with this court an amended reply, along with any transcripts they deem appropriate, and the defendant is given an opportunity to file a reply, should he wish to do so, so that the court is made aware of the facts concerning the reasons for the adjournments prior to January 12, 1995 when the instant motion was filed.

. For example, in People v Jones (supra, at 586) the concurring Judge felt that the "People warrant a strong rebuke” when, for speedy trial purposes, they rely on CPL 180.50 to nullify a reduction, after previously stating on the record they intend to proceed on lesser charges and all parties have acquiesced. In his view, having originally entered into what amounted to a binding stipulation, the People should be estopped from claiming the longer six-month period. However, he concurred that the court was bound by People v Minor (supra) and that therefore the People must be afforded the six-month period.

. There appear to be no reported decisions specifically addressing the lack of the criminal court jurisdiction to decide certain pretrial motions or hold pretrial hearings demand a different result.

. For example, the notations on the court papers, while not dispositive of the calculation of speedy trial time, reflect that a substantial part of the *889 two-year delay here was due to motion practice and to adjournments on the consent of or at the request of the defendant but the People do not make any argument that these delays should be excludable under CPL 30.30 (4). The People briefly do address two delays which they attribute to accommodating defense request for discovery materials, but state neither the exact time frame they seek to have excluded nor the legal authority for such exclusion.