OPINION OF THE COURT
Memorandum.
Judgment of conviction reversed on the law, accusatory instrument dismissed and fine and surcharge, if paid, remitted.
The accusatory instrument charging defendant with tampering with public records in the second degree (Penal Law § 175.20) is jurisdictionally defective since the factual part thereof does not contain allegations establishing each and every element of the offense charged (see CPL 100.40 [1]; 100.15 [3]; People v Alejandro, 70 NY2d 133 [1987]). Public records which are under the protection of the law are “papers which a public officer is required to obtain in the discharge of his official duties, which have public importance, and are of permanent value, and may serve a useful purpose, after they have been deposited in his office or with him” (People v Peck, 138 NY 386, 397 [1893]). When defendant made the alleged entries to his application for an operator’s license, said document was simply a “written instrument” and not yet a public record deposited with the Taxi and Limousine Commission (see Penal Law § 175.00 [3]; People v Briggins, 50 NY2d 302, 305 [1980]). The accusatory instrument does not allege that defendant tampered with the application after it was deposited with the Taxi and Limousine Commission. Therefore, the elements of the crime charged, i.e., that defendant tampered with a public record, was not sufficiently alleged in the accusatory instrument. Accordingly, the judgment of conviction must be reversed and the accusatory instrument dismissed.
In view of the foregoing determination, we need not review the remaining contention raised on appeal.
Pesce, RJ., Weston Patterson and Rios, JJ., concur.