People v Toribio (2020 NY Slip Op 50933(U))

[*1]

People v Toribio (Paola)

2020 NY Slip Op 50933(U) [68 Misc 3d 128(A)]

Decided on August 7, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 7, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2018-156 Q CR

The People of the State of New York,
Respondent,
against
Paola Toribio, Appellant. 

Feldman and Feldman (Steven A. Feldman of counsel), for appellant.
Queens County District Attorney (Johnnette Traill, Nancy Fitzpatrick Talcott and Sharon Y.
Brodt of counsel), for respondent.

Appeal from a judgment of conviction of the Criminal Court of the City of New York,
Queens County (Gia L. Morris, J.), rendered December 12, 2017. The judgment convicted
defendant, upon her plea of guilty, of tampering with public records in the second degree, and
imposed sentence.

ORDERED that the judgment of conviction is reversed, on the law, the guilty plea is
vacated, the felony complaint is reinstated and the matter is remitted to the Criminal Court for
further proceedings.
Defendant initially was charged in a felony complaint with grand larceny in the fourth degree
(Penal Law § 155.30 [1]) and falsifying business records in the second degree (Penal Law
§ 175.10), both class E felonies. According to the factual allegations of the complaint,
defendant, who worked in a podiatrist's office, falsified nine patients' medical insurance records,
causing the office a financial loss greater than $1,000. The felony complaint later was
purportedly reduced to a misdemeanor accusatory instrument (see CPL 180.50 [3] [a]
[iii]; [b]) charging defendant with a single count of tampering with public records in the second
degree (Penal Law § 175.20), a class A misdemeanor. Defendant pleaded guilty to the
tampering charge and was sentenced.
The only count of the purportedly reduced misdemeanor accusatory instrument, to which
[*2]defendant pleaded guilty, was facially insufficient, as both
parties concede. To be convicted of tampering with public records in the second degree, the
record must be a public one at the time one tampers with it (see People v Daba, 12 Misc 3d 36 [App Term, 2d Dept, 2d &
11th Jud Dists 2006]). In this case, evaluating the facial sufficiency of the purportedly reduced
misdemeanor accusatory instrument under the standards applicable to a misdemeanor complaint,
as defendant waived prosecution by information (see CPL 170.65 [3]; People v Aragon, 28 NY3d 125,
127 [2016]), it is clear that the medical insurance records were not public records at the time
defendant was alleged to have tampered with them. 
The inquiry does not end here, however. Rather, it presents another question, namely, does
the facial insufficiency of the sole charged misdemeanor count, to which the felony complaint
purportedly was reduced, affect the validity of the reduction? It is well established that the
Legislature crafted CPL 180.50 as the sole blueprint for reducing a felony complaint to a
misdemeanor accusatory instrument (see People v Yolles, 92 NY2d 960, 961 [1998]; People v Kane, 57 Misc 3d 35, 38
[App Term, 2d Dept, 9th & 10th Jud Dists 2017] ["CPL 180.50 provides the mechanism for
reducing charges in a felony complaint to offenses other than felonies"]; People v Jones,
151 Misc 2d 582, 583 [App Term, 2d Dept, 2d & 11th Jud Dists 1991] ["there was never an
effective reduction of the felony charges to misdemeanors, since the attempted methods used
were not in compliance with statutory requirements (CPL 180.50 [3])"]; People v Minor,
144 Misc 2d 846, 847-848 [App Term, 2d Dept, 2d & 11th Jud Dists 1989] ["A felony
complaint may only be converted to a misdemeanor accusatory instrument pursuant to CPL
180.50"]). 
CPL 180.50 permits reduction only if either "the factual allegations of the felony complaint
and/or any supporting depositions are legally sufficient to support the charge that the defendant
committed the non-felony offense in question" (CPL 180.50 [3] [a]) or "the non-felony offense in
question is a misdemeanor, and [] the factual allegations of the felony complaint together with
those of any supporting depositions, though providing reasonable cause to believe that the
defendant committed such misdemeanor, are not legally sufficient to support such misdemeanor
charge" (CPL 180.50 [3] [b]). Therefore, an absolute statutory prerequisite to the reduction of a
felony complaint to a misdemeanor accusatory instrument is that the factual allegations therein
satisfy either the requirements of CPL 100.40 (1) (b), (c) (see CPL 180.50 [3] [a]) or the
requirements of CPL 100.40 (4) (b) (see CPL 180.50 [3] [b]). Here, as noted previously,
the factual allegations do not even provide reasonable cause to believe that defendant committed
the misdemeanor crime of tampering with public records in the second degree. Consequently, the
attempted reduction violated CPL 180.50, rendering void both the reduction and defendant's
subsequent plea, and requiring restoration of the original felony complaint. In view of the
foregoing, defendant's other appellate arguments are rendered academic, and we do not pass upon
them. 
Accordingly, the judgment of conviction is reversed, the guilty plea is vacated, the felony
complaint is reinstated and the matter is remitted to the Criminal Court for further
proceedings.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 7, 2020