People v Sheard (2025 NY Slip Op 01394)

People v Sheard

2025 NY Slip Op 01394

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
CARL J. LANDICINO, JJ.

2023-12170
 (Ind. No. 70640/22)

[*1]The People of the State of New York, respondent,
v
Michael Sheard, appellant.

Jeremy M. Iandolo, Brooklyn, NY, for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Thomas B. Litsky and Rhys Johnson of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Mario F. Mattei, J.), rendered October 27, 2023, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant and a codefendant were indicted on August 3, 2022, and charged with various felonies. The codefendant was arrested on August 9, 2022, and the police recovered a cell phone from the codefendant. The defendant was arrested and arraigned on September 12, 2022. On November 3, 2022, the People filed a certificate of compliance with discovery pursuant to CPL 245.50(1), along with a certificate of trial readiness pursuant to CPL 30.30(5). On January 20, 2023, the police applied for and obtained a search warrant to extract the contents of the codefendant's cell phone. On January 27, 2023, the People disclosed the search warrant and search warrant application to the defendant, and on January 30, 2023, the People filed a supplemental certificate of compliance noting this disclosure and also filed a new certificate of trial readiness. On March 29, 2023, the People filed a second supplemental certificate of compliance indicating that they had disclosed the information they obtained from the cell phone to the defendant, along with a new certificate of trial readiness.
By notice of motion dated April 6, 2023, the defendant moved pursuant to CPL 30.30(1)(a), 210.20, and article 245 to dismiss the indictment, contending that the certificate of compliance and the certificate of trial readiness filed on November 3, 2022, were illusory, because the People were in possession of the codefendant's cell phone at that time and knew or should have known that the cell phone contained material information. The defendant contended that the speedy trial clock therefore did not stop at that time, and 198 days had elapsed between September 12, 2022 and March 29, 2023. The Supreme Court denied the motion. The defendant was subsequently convicted, upon his plea of guilty, of one count of criminal sale of a controlled substance in the second degree.
Contrary to the defendant's contention, the Supreme Court properly denied his motion to dismiss the indictment. In opposition to the motion, the People established that the 111-day [*2]period between October 12, 2022 and January 31, 2023 should be excluded from the speedy trial period because it comprised reasonable periods of delay resulting from pretrial motions made or intended to be made by the defendant and the codefendant and the periods during which such matters were under consideration by the court (see CPL 30.30[4][a], [d]; People v Brown, 99 NY2d 488, 492; People v Gonzalez, 266 AD2d 562, 563; People v Durette, 222 AD2d 692; People v Inswood, 180 AD2d 649, 649-650). Thus, even assuming that all of the certificates of trial readiness filed by the People were illusory and insufficient to stop the running of the speedy trial clock (see CPL 30.30[5]; 245.50[3]), taking into account the exclusion of this 111-day period, significantly less than six months had elapsed between the commencement of the criminal action and the time that the defendant moved to dismiss the indictment (see id. § 30.30[1][a]; People v Brown, 28 NY3d 392, 403-404).
To the extent that the defendant contends that the indictment should have been dismissed as a sanction for the People's failure to comply with their discovery obligations, this contention is without merit. Even assuming that the People failed to comply with their discovery obligations, the defendant failed to identify any prejudice that he suffered by virtue of such failures (see CPL 245.80[1][a]; [2]).
LASALLE, P.J., CHAMBERS, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court