People v Schlesinger (2025 NY Slip Op 50539(U))

[*1]

People v Schlesinger

2025 NY Slip Op 50539(U)

Decided on April 16, 2025

Criminal Court Of The City Of New York, Bronx County

Krompinger, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 16, 2025
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
Abraham Schlesinger, Defendant.

Docket No. CR-013892-24BX

For the People: ADA Jean Paul Stefan, The Office of Darcel D. Clark, District Attorney of Bronx County, 198 E. 161st St, Bronx NY 10451.
For the Defendant: David M. Dunne, Esq., 1 Blue Hill Plaza Lobby Level, Suite 1509, Pearl River, NY 10965.

Scott M. Krompinger, J.

Recitation of the papers considered:
Defendant's Notice of Motion, aff. of David M. Dunne, Esq., dated December 31, 2024.
People's Opposition, aff. of ADA Jean Paul Stefan, Esq., dated March 12, 2025.
Defendant's Reply, aff., dated March 18, 2025.
The defendant Abraham Schlesinger ("Defendant") moves for an order (1) granting relief pursuant to Criminal Procedure Law ("CPL") 245.80 (1) and (2), because of the People's failure to provide discovery as required under CPL 245.10 (1) (a) (iii) and 245.20 (1) (a)-(u); and (2) reserving Defendant's right to make further motions pursuant to CPL 255.20, and (3) for such other and further relief as this Court deems just and proper. The People oppose the motion.
I. Background and Procedural History
By accusatory instrument filed on July 5, 2024, Defendant was charged with assault in the second degree (Penal Law ["PL"] § 120.05 [2]), assault in the third degree (PL § 120.00 [1]), criminal possession of a weapon in the fourth degree (PL § 265.01 [2]) and harassment in the second degree (PL § 240.26 [1]).
According to the complaint, B.R. ("B.R.") alleged that on or about June 18, 2024, at the northwest corner of West 235th Street and Johnson Avenue in the Bronx, New York, B.R. and Defendant engaged in a verbal dispute, and B.R. eventually walked away. Defendant then followed B.R. and pulled out a container of mace, grabbed B.R. by the hair pulling her toward him, and began spraying B.R. with mace in the hair, face, eyes, nose, and mouth. B.R. alleged that due to Defendant's conduct, she suffered, among other things, swelling, burning, and substantial pain to her face, eyes, nose, and mouth, and breathing and eye problems days later.
Defendant was arraigned on July 8, 2024, and the matter was adjourned to August 5, [*2]2024, Part FB, for grand jury action. No grand jury action occurred, and the matter was eventually adjourned to November 4, 2024. On that date, the felony count (PL § 120.05 [2]) was dismissed on the People's motion, and the People filed and served a superseding information ("SSI") from B.R.. The SSI alleges deponent B.R. observed witness Suri Martinez ("Martinez") standing next to her when the pepper spray was discharged, and Martinez was sprayed in the back of the head. The SSI further alleges that deponent was informed by Martinez that, because of Defendant's conduct, she suffered substantial pain to her face/nose/eyes/mouth and she sustained breathing and eye problems days later. The People also filed a supporting deposition from Martinez. The SSI charges Defendant with two counts of assault in the third degree (PL § 120.00 [1]), criminal possession of a weapon in the fourth degree (PL § 265.01 [2]), and two counts of harassment in the second degree (PL § 240.26 [1]). 
Defendant was arraigned on the SSI on November 4, 2024, and the matter was adjourned to January 8, 2025, for the People to file a certificate of compliance ("COC") affirming compliance with discovery obligations. On November 6, 2024, the People filed and served a COC and notice of trial readiness pursuant to CPL 30.30 (both e-filed via EDDS). On December 31, 2024, Defendant filed this motion. On January 8, 2025, the matter was adjourned to January 22, 2025, due to an evacuation of the Bronx County Hall of Justice. On January 22, 2025, the Court acknowledged the People's COC and notice of trial readiness, and the parties were directed to meet and confer regarding outstanding discovery disputes. The matter was adjourned to February 5, 2025. On that date, Defendant maintained his discovery objections and a motion schedule was set.
II. The Parties' Contentions
Defendant contends that when the incident occurred that gave rise to this action, B.R. was also arrested. Defendant argues that he is entitled to pertinent, exculpatory discovery that the People should have had in their possession. Defendant's counsel asserts that he requested the arrest record of "victim/mutual combatant" B.R., including the charges, statements to police and criminal processing information related to the June 18, 2024 incident. Counsel thereafter performed an independent investigation of B.R.'s arrest. Counsel obtained an arrest report number from the NYPD 50th Precinct. Since B.R. was under eighteen years old at the time, counsel inquired with Corporation Counsel who provided a juvenile report. This number had no supporting documentation. Defendant argues that while People filed a COC and SOR, these documents did not include Defendant's request by stating that it was addressed and provided to Defendant or was unavailable.
Defendant further contends that he did not acquire relevant, exculpatory evidence that should have been in the possession of the People and disclosed pursuant to CPL 245.10 (1) (a) and 245.20 (1) (a) — (u). Specifically, Defendant asserts that he is entitled to: (1) the arrest record of B.R.; (2) the list of charges levied against B.R.; (3) B.R.'s statements to police; (4) police reports and notes; (5) criminal processing information related to B.R.'s arrest; and (6) any and all Bronx District Attorney, Corporation Counsel, juvenile court, or other court or agency information related to B.R.'s arrest and actions from June 18, 2024. Defendant argues that the People's discovery failures have prejudiced Defendant thus warranting sanctions.
Pursuant to CPL 245.80, Defendant seeks: (1) dismissal of all charges, or alternatively, (2) preclusion of any testimony by the arresting officer or anyone involved in this case, or (3) an order excluding all evidence related to any material that was not provided. Defendant further [*3]reserves his right to supplement discovery pursuant to CPL Article 245 and to make further motions pursuant to CPL 255.20.
In opposition, the People deem Defendant's motion as one seeking to invalidate the COC and dismiss. The People contend that they have complied with their discovery obligations and acted with good faith and due diligence before filing the COC. In this case, the criminal proceeding pertaining to B.R. was removed to Family Court and consequently all records relating to that matter were sealed pursuant to CPL 725.15. Those records, accordingly, are governed by the Family Court Act ("FCA"). The People contend that it is not a duly authorized agency who may obtain a copy of those records under FCA §166, since the proceeding against B.R. did not involve a felony offense designated under FCA § 301.2 (8). Rather, the juvenile documents as to B.R. pertain to the charge of assault in the third degree (PL § 120.00 [1]), therefore she was not charged with a designated felony offense, thus the People are not a duly authorized agency permitted to obtain or inspect the records relating to that case. Furthermore, the People argue that they have no avenue to obtain those documents, because the Family Court proceeding against B.R. was "adjusted," meaning it was terminated in her favor (FCA § 375.2 [g]). Pursuant to FCA § 375.1 under such circumstances the records relating to the proceeding, including court decisions, briefs, and records relating to the arrest, shall be sealed unless otherwise directed by the court (FCA § 375.1 [1]). People assert that, in the underlying matter involving complainant, since the charges against her were not designated felony offenses, People could not be deemed the "presentment agency" thus entitled to move to unseal those records or prevent their sealing. Moreover, this section would include any NYPD paperwork relating to the Family Court matters. People also note that such Family Court records would be inadmissible in other court proceedings (FCA §§ 381.2; 381.3) and are only obtainable via motion upon good cause shown. People conclude by stating that they "did make efforts, concerning the existence of" documents that were possessed by Corporation Counsel, but "it is the People's information that the records were sealed." People also assert that "[c]omplainant was never arraigned, and at this time, neither the People nor Corporation Counsel are aware of what transpired with respect to B.R.'s arrest." 
In reply, Defendant argues that People failed to provide information that is critical to his case, and all relevant information concerning B.R. should have been included in the COC. Instead, the People's proffered explanation for the missing information was raised for the first time in opposition papers. Defendant contends that the COC's failure to mention B.R.'s charges or how they were adjudicated is not reasonable under any circumstances — and withholding this information violated the CPL. Defendant further argues that the materials relating to the charges against B.R. are not available for him to use as a defense- but he is entitled access to those files in accordance with Brady.[FN1]
Thus, the criminal court has the power to direct the Family Court to release those materials in accordance with CPL 725.15, or the People could have petitioned the criminal court for the release of those files- yet they failed to do so, rendering the COC defective. Defendant thus moves to dismiss this action, or alternatively, for the Court to petition Family Court to release B.R.'s records or direct the People to do so, or "to allow ample time for the Defendant to make the motion." If the matter is not dismissed, Defendant requests sanctions to be imposed.
III. Standard of Review
At the outset, the Court notes that the motion solely seeks relief in the form of sanctions pursuant to CPL 245.80. Defendant does not specifically ask to invalidate the COC. Nevertheless, in opposition, the People proceed as if the motion sought to invalidate the COC, and Defendant's reply confirms that he seeks such relief. Since the parties have charted their own litigation course the Court addresses the motion as one seeking to invalidate the COC and to impose sanctions pursuant to CPL 245.80.
(A) CPL 245 and 30.30
CPL article 245, enacted in 2019, "impose[d] new automatic disclosure requirements and compliance mechanisms applicable to both the prosecution and defense" (People v Bay, 41 NY3d 200, 208 [2023]), and "to incentivize" compliance, "the enactments tie [the People's] discovery obligations to their trial readiness under CPL 30.30" (id.; CPL 30.30 [5]). CPL article 245 was implemented "'specifically to eliminate "trial by ambush" and to remedy . . . inequities by mandating earlier and broader discovery obligations by the prosecution, increasing efficiency in prosecutions and fairness to both sides'" (People v Heverly, 224 AD3d 1243, 1246 [4th Dept 2024], quoting People v. Godfred, 77 Misc 3d 1119, 1124 [Crim Ct, Bronx County 2022]). "Such open disclosure was enacted, in part, to enhance 'defendants' ability to reach reasonable pretrial disposition of their cases precisely because [under the old discovery rules] they lacked sufficient early access to the evidence against them'" (id.).
Under CPL 245.20 (1), the People are required to disclose to a defendant "all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control" (id., quoting CPL 245.20 [1]). Twenty-one categories of disclosure subject to this provision are specifically enumerated by the statute, which further provides, "that materials possessed by a New York state or local police or law enforcement agency are deemed in the People's possession for purposes of the discovery requirements" (id., quoting CPL 245.20 [2]). Pursuant to CPL 245.55, the prosecution "shall endeavor to ensure that a flow of information is maintained between the police and other investigative personnel and his or her office sufficient to place within his or her possession or control all material and information pertinent to the defendant and the offense or offenses charged . . . " The prosecution is also "obligated to 'make a diligent, good faith effort to ascertain the existence of material or information discoverable under [CPL 245.20 (1)] and to cause such material or information to be made available for discovery where it exists but is not within the prosecutor's possession, custody or control'" (People v Serrano, 234 AD3d 879, 882 [2d Dept 2025]). The prosecution, however, "shall not be required to obtain by subpoena duces tecum material or information which the defendant may thereby obtain" (CPL 245.20 [2]).
CPL 245.50 (1) "directs the People to file a certificate of compliance (COC)" after they have provided the discovery required by CPL 245.20 (1) (Bay, 41 NY3d at 209). Under that statute the COC must state: "after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery, the prosecutor has disclosed and made available all known material and information subject to discovery" (id.). The People have a continuing obligation to provide discovery after filing the COC (CPL 245.60) and when such additional materials are disclosed, the People must file a supplemental COC (id.). Post-COC disclosure will not result in adverse consequences to the prosecution where it's filing of the COC was "in good faith and reasonable under the circumstances," although discovery [*4]sanctions and remedies may be imposed by the trial court (id.; CPL 245.80).
Significantly, "the legislature tethered People's CPL article 245 discovery obligations to CPL 30.30's speedy trial requirements" (id.). Pursuant to CPL 245.50 (3), generally, "the prosecution shall not be deemed ready for trial for purposes of section 30.30 of this chapter until it has filed a proper certificate pursuant to [CPL 245.50 (1)]" (id. at 210). CPL 30.30 (5) directs the People to "submit a COC attesting to good faith compliance with CPL 245.20's disclosure requirements before or at the time they provide notice that they are trial-ready" (id.). The Court then is required to "make inquiry on the record as to their actual readiness," and then the defense is "given 'an opportunity to be heard on the record as to whether the disclosure requirements have been met'" (id., citing CPL 30.30 [5]). 
Where a defendant seeks dismissal on the grounds that "the People failed to exercise due diligence and therefore did not file a proper COC," it is the People's burden to establish "that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure" (Bay, 41 NY3d at 213). "If the prosecution fails to make such a showing, the COC should be deemed improper, the readiness statement stricken as illusory, and—so long as the time chargeable to the People exceeds the applicable CPL 30.30 period—the case dismissed [[FN2]
]" (id.).
"The key question in determining if a proper COC has been filed is whether the prosecution has 'exercis[ed] due diligence and ma[de] reasonable inquiries to ascertain the existence of material and information subject to discovery'" (Bay, 41 NY3d at 211). The People are required "'to make reasonable efforts' to comply with statutory directives" (id.). This is a "case-specific" analysis that "will turn on the circumstances presented" (id. at 212). While "[t]here is no rule of 'strict liability'; that is, the statute does not require or anticipate a 'perfect prosecutor,' good faith compliance with discovery obligations, alone, will not "cure a lack of diligence" (id.). Factors to consider when assessing due diligence include: "the efforts made by the prosecution and the prosecutor's office to comply with the statutory requirements, the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery" (id. at 212). The above factors are considered "non-exclusive" and "call[] for a holistic assessment of the People's efforts to comply with the automatic discovery provisions, rather than a strict item-by-item test that would require us to conclude that a COC is improper if the People miss even one item of discovery" (People v Cooperman, 225 AD3d 1216, 1220 [4th Dept 2024]). It has been held that belated discovery disclosures should not invalidate a COC "that was made in good faith after the exercise of due diligence where the delay resulted from . . . a good faith position that the material in question was not discoverable" (People v Rodriguez, 73 Misc 3d 411, 416 [Sup Ct, Queens County 2021]). 
(B) CPL 245.80
If a Court deems that there is belated disclosure that does not invalidate the COC, or if the Court determines that the COC is not proper, but the speedy trial clock has not expired, CPL 245.80 sets forth the remedies available to Defendant (Bay, 41 NY3d at 214). CPL 245.80 (1) (a) provides: "[w]hen material or information is discoverable under this article but is disclosed belatedly, the court shall impose an appropriate remedy or sanction if the party entitled to disclosure shows that it was prejudiced. Regardless of a showing of prejudice the party entitled to disclosure shall be given reasonable time to prepare and respond to the new material." CPL 245.80 (2) provides the available remedies or sanctions, including granting a continuance, an adverse inference charge regarding the non-compliance, preclusion or striking testimony, or dismissal of some or all of the charges. Dismissal, however, may only be ordered "after considering all other remedies" and concluding "dismissal is appropriate and proportionate to the prejudice suffered by the parties entitled to disclosure . . . " (id.; Bay 41 NY3d at 214). While prejudice need not be substantial to justify a remedy, some demonstrable prejudice must be established (see People v Gaillard, 215 AD3d 459, 461 [1st Dept 2023], lv denied, 40 NY3d 934 [2023]).
IV. Applicable Law and Analysis
Defendant alleges that the COC is invalid because the People did not disclose materials and records related to the arrest and alleged criminal prosecution of B.R., one of the People's testifying witnesses and the alleged "mutual combatant" in the incident that gave rise to this action. Such information clearly falls within statutorily-required automatic disclosure categories (see CPL 245.20 [1] [k] [evidence and information that could have an exculpatory or mitigating effect on the defendant's case]; CPL 245.20 [1] [e] [statements made by persons who have evidence or information relevant to any offense charged or any potential defense thereto]; CPL 245.20 [1] [q] [when it is known to the prosecution, the existence of any pending criminal action against all persons designated as potential prosecution witnesses pursuant to paragraph [c] of this subdivision, other than those witnesses who are experts]). 
One issue is whether the underlying materials are in the custody and control of the People (CPL 245.20 [1]). They are not. It is undisputed that at the time of this alleged incident, complaining witness B.R. was over the age of sixteen and under the age of eighteen. ADA Stefan affirms in the People's opposition papers that the charges against B.R. constituted assault in the third degree (PL § 120.00 [1]) and no felony offense. The People state: "[t]his is why the cases was removed to Family Court in the first place." Following removal of an action to Family Court:
" . . . all official records and papers of the action up to and including the order of removal . . . are confidential and must not be made available to any person or public or private agency, provided however that availability of copies of any such records and papers on file with the Family Court shall be governed by the provisions that apply to Family Court records, and further provided that all official records and papers of the action shall be included in those records and reports that may be obtained upon request by the commissioner of mental health or commissioner of the office for people with developmental disabilities, as appropriate; the case review panel; and the attorney general pursuant to section 10.05 of the mental hygiene law" (CPL 725.15).
If in fact B.R. was never arraigned in criminal court and the case originated in Family Court, (since the Family Court retains exclusive jurisdiction over misdemeanor cases), Family [*5]Court Act article 3, "any only Article 3" is applicable (FCA 301.2 Practice Commentaries 2017; FCA § 303.1 [(t)he provisions of the criminal procedure law shall not apply to proceedings under this article unless the applicability of such provisions are specifically prescribed by this act.]).
The People affirm that "[t]he case pertaining to [B.R.] was, as the term is called, 'adjusted.'" This means that the matter was terminated in favor of B.R. (FCA § 375.1 [2] [g]). Under such circumstances:
" . . . unless the presentment agency upon written motion with not less than eight days notice to such respondent demonstrates to the satisfaction of the court that the interests of justice require otherwise or the court on its own motion with not less than eight days notice to such respondent determines that the interest of justice require otherwise and states the reason for such determination on the record, the clerk of the court shall immediately notify the counsel for the child, the director of the appropriate presentment agency, and the heads of the appropriate probation department and police department or other law enforcement agency, that the proceeding has terminated in favor of the respondent and, unless the court has directed otherwise, that the records of such action or proceeding, other than those destroyed pursuant to section 354.1 of this act, shall be sealed. Upon receipt of such notification all official records and papers, including judgments and orders of the court, but not including public court decisions or opinions or records and briefs on appeal, relating to the arrest, the prosecution and the probation service proceedings, including all duplicates or copies thereof, on file with the court, police agency, probation service and presentment agency shall be sealed and not made available to any person or public or private agency. Such records shall remain sealed during the pendency of any motion made pursuant to this subdivision. [[FN3]
]"
The above establishes that B.R.'s records and materials relating to the proceeding against her in Family Court are sealed. While there is no appellate authority on the issue, trial courts of this jurisdiction have persuasively held that discoverable but sealed material and information is not within the custody and control of the People for purposes of CPL 245.20 (1) (see People v Fortty, 78 Misc 3d 1229[A] [Crim Ct, Bronx County 2023] [holding that sealed records pursuant to CPL 160.50 are not in the People's possession, custody or control], citing People v Davis, 67 Misc 3d 391, 397 [Crim Ct, Bronx County 2020 adhered to on reconsideration, 70 Misc 3d 467 [Crim Ct, Bronx County 2020]["Under the traditional Brady analysis, the information and materials from the sealed cases are outside the People's possession, custody or control and not subject to disclosure]; see also People v Lebron, 83 Misc 3d 1202 [A] [Crim Ct, Bronx County [*6]2024] [People had no duty to procure records of complainant's criminal convictions because those records were sealed and not within their control, custody, or possession]). 
Where the prosecution does not have custody or control over discoverable material, the People nevertheless are obligated to "make a diligent, good faith effort to ascertain the existence" of such material, and "to cause such material or information to be made available for discovery where it exists but is not within the prosecutor's possession, custody or control; provided that the prosecutor shall not be required to obtain by subpoena duces tecum material or information which the defendant may thereby obtain" (CPL 245.20 [2]). The statute thus imposes limitations on the People's discovery obligations as it does not require the prosecution to obtain material by subpoena which the defendant could obtain themselves. Courts have extended this limitation to hold that the People are not required to obtain discoverable material by court order (People v Taveras, 78 Misc 3d 1221[A][Crim Ct, Bronx County 2023] ["[a] harmonized construction of the limitation provisions of both CPL 160.50 and 245.20 (2) compels the conclusion that the People cannot be ordered to obtain discovery by court order"]), including records relating to sealed cases which the prosecution is without legal means to obtain absent limited circumstances (id., see also Davis, 67 Misc 3d at 398] ["The People may not be compelled to do which they are forbidden to do by statute."]).
Applying the foregoing principles to this case, CPL 245 does not require the People to apply for a court order to produce and/or unseal underlying arrest records, materials, or other information relating to the proceedings against B.R. in Family Court. In reply, Defendant requests this Court to "petition" the Family Court to unseal such records, but this Court is without jurisdiction to do so. An application to unseal the release of such records must be made to Family Court where the respondent minor would have an opportunity to be heard (see People v G.V., 74 Misc 3d 171 [Nassau County Ct, 2021], citing Herald Co., Inc. v Mariani, 67 NY2d 668, 670 [1986]; see also People v Michael M., 162 Misc 2d 803 [Sup Ct, Kings County 1994]). Defendant's reply also seeks time to seek the records himself — but this is an implicit concession that Defendant had an equal ability to procure the materials by subpoena (CPL 245.20 [2]). 
The remaining issue is whether the COC should be invalidated because, while the People were not required to move to obtain and disclose material that was not in their custody, possession or control, CPL 245.20 (2) nevertheless requires them to "make a diligent, good faith effort to ascertain the existence" of such material and, subject to limitations detailed above, "to cause such material or information to be made available for discovery" where it indeed exists. Furthermore, to the extent People were in actual custody or control over such information, they were required to disclose material that was clearly related to the subject matter of this case before filing the COC (CPL 245.20 [1]).
Here, it is evident from the opposition papers that before the People filed their COC, they possessed information relating to the proceedings against B.R., including its alleged disposition, or were at least aware of the existence of such information. For example, the People's affirmation in opposition provides the specific charges against B.R., whether the matter was removed to Family Court, and the fact that those charges were deemed "adjusted." None of that information was disclosed to Defendant or addressed in the COC itself, which is required under CPL 245.50 (see Bay, 41 NY3d at 213 [" . . . nothing prevents the People from detailing their efforts to exercise due diligence within the COC itself"]). People do not explain why they did not disclose the information that was in their actual possession or control on this issue to Defendant. Regarding the information outside their custody or control, the People do not describe what if [*7]any "reasonable and diligent steps" were taken at any stage to procure the records or ascertain the existence of such material before filing the COC (see Heverly, 224 AD3d at 1247). 
While the People were not required to move to unseal Family Court proceedings, they were obligated to provide what was in their custody or control and to make diligent efforts to ascertain what was not in their control and determine what could be made available to Defendant. Parenthetically, the Court notes that the the sealing and confidentiality provisions of the Family Court Act are not absolute. Those provisions may be waived and the disclosure of the materials may be authorized under certain circumstances (see Green v Montgomery, 95 NY2d 693, 700 [2001][confidentiality provisions of the Family Court Act may be waived; shield of the privilege cannot be turned into a sword]; People v Harder, 146 AD2d 286 [3d Dept 1989][statutory privilege of confidentiality is not absolute and disclosure upon court order is authorized, citing FCA § 166]; Taveras, 78 Misc 3d 1221[A] [statutory privilege designed to protect an individual by keeping conduct or information secret may be deemed waived where the individual affirmatively places the information or conduct in issue]).
When applying the factors outlined in Bay, this Court finds that the People did not act with due diligence before filing their COC. The missing information concerns proceedings that took place against one of the People's primary complainants that arose out of the very incident that gave rise to this criminal action against Defendant. The People do not assert whether they ever, prior to filing the COC, reviewed their own files to determine whether the complainant- on whose testimony the success of the prosecution depends — had active proceedings against her in Criminal or Family Court (People v Mitchell, 228 AD3d 1250, 1257 [4th Dept 2024]). Such information, including statements that may have been made by complainant made during the incident, constitute "significant mandatory item[s] of discovery that is, 'critical to the underlying case'" against Defendant, "considering success of the prosecution would depend upon the credibility of her testimony" (id.). This potentially exculpatory information involving the People's testifying witness would be considered obvious missing material that should have been noticed by the prosecutor and its omission should have been explained in the COC.[FN4]

The People meritoriously argue that the underlying material is not available, but they do not explain why information that was in fact in their possession was not provided to Defendant before the COC was filed. It is further apparent that the People did not undertake appropriate efforts to ascertain the existence of that information or attempt to retrieve and disclose it. Such disclosures were only made when prompted by Defendant in this motion. The People's response to the discovery lapse is therefore insufficient (Mitchell, 228 AD3d at 1257). Considering the above, this Court is finds that the People have failed to demonstrate they exercised due diligence or made reasonable inquiries before filing the COC (Bay 41 NY3d at 212, 215; see also Serrano, 234 AD3d at 883).
The November 6, 2024 COC is therefore deemed invalid, and the notice of trial readiness is deemed illusory. The People have also failed to demonstrate the existence of any special circumstances to allow them to declare ready without filing a valid certificate of compliance (CPL 245.50[3]; see People v Aquino, 72 Misc 3d 518, 527 [Crim Ct Kings County 2021]).
The statutory 30.30 time calculation is as follows: On July 8, 2024, Defendant was arraigned and the matter was adjourned to August 5, 2024 for grand jury action. 27 days are chargeable to the People. On August 5, 2024, the People stated no grand jury action and the matter was adjourned to October 7, 2024. 63 days are chargeable to the People (90 total days). On October 7, 2024, the matter was adjourned to October 21, 2024, at the request of Defendant. Zero days are chargeable to the People. On October 21, 2024, Defendant requested another adjournment and the matter was adjourned to November 4, 2024. Zero days are chargeable to the People. On November 4, 2024, the People made an application to reduce the felony count to charge only a misdemeanor, an SSI with supporting depositions were filed, and Defendant was arraigned on the SSI. Pursuant to CPL 30.30 (7) (c), the People had 90 days from that date to state ready. 
On November 6, 2024, People filed a purportedly valid COC, and the matter was adjourned to January 8, 2025. Two days are chargeable to the People. Defendant filed this motion on December 31, 2024. None of the adjournment dates thereafter are chargeable to the People (CPL 30.30[4][a]). However, since the COC is deemed invalid and the notice of readiness deemed illusory, that time is chargeable between November 6, 2024 and December 31, 2024, or 56 days. The total time thus chargeable to the People is 58 days, therefore the People's statutory time has not yet expired.[FN5]

Where the COC is invalidated but the statutory CPL 30.30 period has not expired, the Court may impose remedies or sanctions for discovery violations pursuant to CPL 245.80. Dismissal is not warranted here, because Defendant has not specifically demonstrated that he has or will be prejudiced by the late disclosure (see People v Sheard, — AD3d — 2025 NY Slip Op 01394 [2d Dept March 12, 2025]). Furthermore, where a defendant alleges surprise or prejudice, "additional time to prepare has been the touchstone of curing" same (People v Irving, 84 Misc 3d 1233 [A] [Sup Ct, Kings County 2024][collecting cases, including People v Jenkins, 98 NY2d 280, 284 [2002] [trial court offered to adjourn the case to allow defendant an opportunity to review late ballistics report and to retain defense expert]; People v Delvalle, 114 AD3d 612, 612 [1st Dept 2014] [additional time to review the belated cell phone records would have been a more appropriate remedy for any surprise to the defendant]; see also People v Jordan, 232 AD3d 1135, 1136 [3d Dept 2024][County Court's decision to provide a continuance as a remedy pursuant to CPL 245.80 (1) (a) was an appropriate exercise of discretion]).
This Court deems the appropriate remedy under CPL 245.80 is to direct the People to turn over all material and information in their possession, custody or control regarding B.R.'s arrest following the subject incident and proceedings that occurred thereafter within ten (10) days of this Order. Defendant is also specifically granted the opportunity to make the appropriate application to obtain the underlying materials concerning those proceedings, and to comply with his reciprocal discovery obligations under CPL 245.20 (4). 
The branch of Defendant's motion reserving the right to make further motions is granted to the extent permitted by CPL 255.20.
V. Conclusion
Accordingly, it is hereby
ORDERED, that the branch of Defendant's motion to invalidate the COC dated November 6, 2024, is granted, and the COC is deemed invalid, and the notice of trial readiness is deemed illusory, and it is further,
ORDERED, that the branch of Defendant's motion for sanctions pursuant to CPL 245.80 is granted to the extent that (1) the People are directed to turn over all material and information in their possession regarding proceedings against complainant B.R. within ten (10) days after the date of this Order, and (2) Defendant is afforded additional time to review the new material and information, and to make the appropriate application to obtain further discovery, and it is further,
ORDERED, that the branch of Defendant's motion for sanctions pursuant to CPL 245.80 is otherwise denied, it is further,
ORDERED that the branch of Defendant's motion to reserve the right to make further motions is granted to the extent permitted by CPL 255.20.
Dated: April 16, 2025
HON. SCOTT M. KROMPINGER, J.C.C.

Footnotes

Footnote 1:Brady v Maryland, 373 US 83, 87 (1963)

Footnote 2:Defendant's moving and reply papers do not propose the number of days that should be chargeable to the People or otherwise argue that dismissal is warranted because the People have exceeded their speedy trial time under CPL 30.30 (5).

Footnote 3:This sealing statute "is based on a 1976 amendment to CPL 160.50 requiring the almost automatic sealing or return of all records, including court, prosecution, police and fingerprint files, when the proceedings are terminated in any way which is favorable to a defendant (for example, dismissal, withdrawal, acquittal, or a declination of prosecution). Section 375.1 parallels the criminal law mandate; ergo, any disposition short of a finding of delinquency triggers an automatic sealing provision (including a determination under Section 352.1(2) that the respondent does not require supervision, treatment or confinement)" (FCA 375.1 Practice Commentaries, Prof. Merril Sobie).

Footnote 4:At this point, the exculpatory value of any evidence contained in B.R.'s Family Court records is purely speculative, and whether it could be used at trial for any purpose is subject to the trial court's discretion. 

Footnote 5:The Court again notes that Defendant does not specifically seek dismissal pursuant to CPL 30.30, as he does not allege "that the prosecution failed to declare readiness within the statutorily prescribed time period" (People v Beasley, 16 NY3d 289, 292 (2011).