■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH TROVATO, Appellant. [608 NYS2d 675] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered May 29, 1990, convicting him of grand larceny in the second degree (3 counts) and criminal possession of a forged instrument in the second degree (3 counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reversing the convictions for grand larceny in the second degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

Although the defendant failed to preserve his contention that the evidence was legally insufficient to prove his guilt, as a principal, of grand larceny in the second degree, we nevertheless consider the issue in the interest of justice and reverse the convictions of grand larceny in the second degree. The defendant was charged and convicted of three counts of grand larceny in the second degree. Each of the three counts charged that the defendant had stolen a specified check with a value exceeding $50,000. The defendant was charged as a principal, not as an accomplice, under each of the three counts. For each of the three counts, the Trial Justice charged the jury that the defendant had committed larceny by trespassory taking, i.e. that he had wrongfully taken each check from its owner with the intent of permanently depriving the owner of the check, or with the intent of permanently appropriating the check for his own use or benefit or the use or benefit of another. Therefore, the People were required to prove that the defendant was involved in the actual taking of the stolen checks. Although the record contains ample evidence that the

defendant received each of the checks knowing that they were stolen, and deposited each of the checks into a bank account which had been opened for the express purpose of depositing stolen checks, the record contains no evidence that the defendant participated in the theft of the checks. Therefore, the evidence was legally insufficient to establish the defendant's guilt of any of the three counts of grand larceny in the second degree with which he was charged.

We also note that the hearing court did not improvidently exercise its discretion in permitting the People to introduce into evidence the defendant's prior convictions. The evidence was relevant to the issues of whether the defendant knew that the checks which he possessed were altered and whether he possessed the altered checks with the intent to defraud another *(see, People v Alvino,* 71 NY2d 233; *People v Young,* 178 AD2d 571; *People v Renzulli,* 100 AD2d 945). Further, the trial court's limiting instructions obviated any potential prejudice to the defendant.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Rosenblatt, Copertino and Hart, JJ., concur.