■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GARRET DURETTE and MICHAEL CODRINGTON, Respondents. [637 NYS2d 164] —Appeal by the People from two orders of the Supreme Court, Queens County (Browne, J.), both dated September 30, 1994, which granted the defendants' respective motions pursuant to CPL 30.30 (1) (a) to dismiss Indictment No. QN10759/94 on the ground that the defendants were deprived of their statutory right to a speedy trial.

Ordered that the orders are reversed, on the law and on the facts, the motions are denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.

In granting the defendants' respective motions to dismiss the indictment on statutory speedy trial grounds *(see,* CPL 30.30), the Supreme Court charged the People with the 10 months and 7 days between the defendants' arrests on September 21, 1993, and the People's filing of their most recent statement of readiness for trial on July 28, 1994.

It is well settled that, pursuant to CPL 30.30 (4) (a) and (d), periods of delay that are attributable to motions made by either one of two codefendants and the periods during which those motions are pending are excluded from the time within which the People must be ready for trial *(see,* CPL 30.30; *see, e.g., People v Dery,* 115 AD2d 996). In addition, CPL 30.30 applies to all motions without qualification. "The statute does not differentiate between successful and unsuccessful pretrial motions" *(People v Littlejohn,* 184 AD2d 790). Although the defendants in this case successfully moved to dismiss the first two indictments against them on CPL 190.50 grounds, given the language of CPL 30.30, there is no basis to exclude the time during which the defendants' CPL 190.50 motions were pending from the time within which the People must be ready for trial *(see, People v Littlejohn, supra).*

Moreover, the day between the defendants' arrests on September 21, 1993, and the defendants' arraignments on September 22, 1993, is not chargeable to the People. For purposes of CPL 30.30, the day that marks the commencement

of a criminal action is the date on which the first accusatory paper is filed *(People v Sinistaj,* 67 NY2d 236, 239), which in this case is September 22, 1993, the date of the defendants' arraignments.

Accordingly, the defendants' statutory right to a speedy trial was not violated. When the period attributable to the defendants' pretrial motions, the period during which those motions were pending, and the period attributable to a continuance that was granted by the court at the defendants' request or with their consent are excluded, the number of days that are chargeable to the People is less than the six months within which the People must be ready for trial. Balletta, J. P., O'Brien, Santucci and Florio, JJ., concur.