■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEN LYONS, Appellant. [720 NYS2d 815] —Appeal by the defen-

dant from a judgment of the Supreme Court, Kings County (Knipel, J.), rendered April 8, 1999, convicting him of attempted murder in the second degree, reckless endangerment in the first degree, attempted assault in the third degree, grand larceny in the fourth degree, forgery in the second degree (two counts), criminal possession of a forged instrument in the second degree (two counts), and petit larceny (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions that the evidence was legally insufficient to establish his guilt of attempted murder in the second degree, reckless endangerment in the first degree, attempted assault in the third degree, forgery in the second degree, criminal possession of a forged instrument in the second degree, and petit larceny are largely unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The Supreme Court providently exercised its discretion in permitting the prosecution to introduce into evidence the defendant's prior conviction. The conviction was probative of the defendant's intent to forge the subject checks and whether he possessed them with the intent to defraud another (*see, People v Alvino,* 71 NY2d 233; *People v Trovato,* 202 AD2d 457; *People v Young,* 178 AD2d 571). The Supreme Court's limiting instructions obviated any potential prejudice to the defendant.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, Acting P. J., Goldstein, H. Miller and Feuerstein, JJ., concur.