THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LEROY WHITLEY, Respondent. [890 NYS2d 583]—

The People failed to preserve for appellate review their contention that a separate speedy trial period should have been applied to each of three accusatory instruments filed against the defendant, including the indictment that is the subject of the instant appeal (*see* CPL 470.05 [2]), and we decline to reach the argument in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [3] [c]). Since, accordingly, we must measure the six-month speedy trial period from the filing of indictment No. 3930/06 on May 20, 2006, the six-month period referable to this case, measured from May 20, 2006 to November 20, 2006 consisted of 184 days (*see People v Allen*, 172 AD2d 542 [1991]). The Supreme Court determined that 192 days were chargeable to the People. We disagree.

Contrary to the determination of the Supreme Court, the People should not have been charged with the 27-day period of delay between September 6, 2007 and October 3, 2007 since a newly appointed defense counsel requested an adjournment over that period to familiarize himself with the case (*see People v Worley*, 66 NY2d 523, 527 [1985]; *People v Alvarado*, 281 AD2d 318, 319 [2001]). The People should also not have been charged with the 14-day period of delay between October 3, 2007 and October 17, 2007 since this was a reasonable period within which to respond to the defendant's pro se motion to reargue the court's denial of a prior CPL 30.30 motion (*see People v Gonzalez*, 266 AD2d 562, 563 [1999]). Additionally, the People should not have been charged with the five-day period of delay between October 17, 2007 and October 22, 2007 because the defendant was without counsel during that time through no fault of the court (*see People v Mannino*, 306 AD2d 157, 158 [2003]; CPL 30.30 [4] [f]). Further, the People should not have been charged with the seven-day period of delay between October 22, 2007 and October 29, 2007 because the adjournment covering that period was granted at defense counsel's request (*see People*

*v Brown*, 195 AD2d 310, 311 [1993]). Finally, the People should not have been charged with the 14-day period of delay between October 29, 2007 and November 12, 2007 since this was a reasonable period within which to respond to the defendant's motion for release pursuant to CPL 30.30 (2).

Accordingly, the People should only have been charged with 125 days, rather the 192 days determined by the Supreme Court. Since the amount of time chargeable to the People does not exceed 184 days, upon reargument, the defendant's motion to dismiss the indictment should have been denied. Mastro, J.P., Belen, Hall and Austin, JJ., concur.