■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TODD MORRIS, Respondent. [941 NYS2d 862]—

Appeal by the People from an order of the Supreme Court, Queens County (Grosso, J.), dated September 23, 2009, which, upon a decision of the same court also dated September 23, 2009, granted the defendant's motion pursuant to CPL 30.30 (1) (a) to dismiss the indictment on the ground that the defendant was deprived of his statutory right to a speedy trial.

Ordered that the order is reversed, on the law, the defendant's motion is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.

On June 11, 2008, the defense counsel requested an adjournment of this matter for the purpose of viewing a videotape of the defendant's arrest, and the Supreme Court granted the request. Therefore, the Supreme Court improperly charged the prosecution with the 56 days of prereadiness delay between June 25, 2008, and August 20, 2008, which resulted from the defendant's adjournment request (*see* CPL 30.30 [4] [b]; *People v Kopciowski*, 68 NY2d 615, 617 [1986]; *People v Robinson*, 269 AD2d 410 [2000]; *People v Kanter*, 173 AD2d 560, 561 [1991]; *People v LoPizzo*, 151 AD2d 614 [1989]). When these 56 days are subtracted from the 202 days charged to the People by the Supreme Court, the People were ready for trial within the six-month period provided by CPL 30.30 (1) (a).

Accordingly, the Supreme Court should have denied the defendant's motion pursuant to CPL 30.30 (1) (a) to dismiss the indictment. Rivera, J.P., Leventhal, Roman and Cohen, JJ., concur.