■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTIAN LLOREMS, Appellant. [18 NYS3d 860]—Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered August 13, 2012, convicting defendant, upon his plea of guilty, of assault in the first degree, and sentencing him, as a second violent felony offender, to a term of 11 years, unanimously affirmed.

Defendant's guilty plea forecloses review of his statutory speedy trial claim (*see People v O'Brien*, 56 NY2d 1009 [1982]). Although a constitutional speedy trial claim survives a guilty plea, defendant's motion made only a perfunctory reference to the constitutional right to a speedy trial, and relied exclusively on CPL 30.30. Accordingly, defendant did not preserve his constitutional claim (*see People v Hazel*, 298 AD2d 216 [1st Dept 2002], *lv denied* 99 NY2d 559 [2002]) and we decline to review it in the interest of justice. As an alternative holding, we find, after considering the factors set forth in *People v Taranovich* (37 NY2d 442, 445 [1975]), that defendant was not deprived of a speedy trial. Concur—Friedman, J.P., Acosta, Renwick, Andrias and Moskowitz, JJ.

■ In the Matter of JARED S., a Person Alleged to be a Juvenile Delinquent, Appellant. [18 NYS3d 861]—Order of disposition, Family Court, Bronx County (Peter J. Passidomo, J.), entered on or about January 6, 2014, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts that, if committed by an adult, would constitute the crimes of petit larceny and criminal possession of stolen property in the fifth degree, and placed him with the Close to Home program for a period of up to 12 months, unanimously affirmed, without costs.

The court's finding was based on legally sufficient evidence and not against the weight of the evidence. Appellant's arguments relating to the victim's credibility and the issue of the date on which the incident occurred are substantially similar to arguments this Court rejected on a companion appeal (*Matter of Christopher S.*, 129 AD3d 426 [1st Dept 2015]), and there is no reason to reach a different result here. Concur—Friedman, J.P., Acosta, Renwick, Andrias and Moskowitz, JJ.