People v Barnes (2018 NY Slip Op 02642)





People v Barnes


2018 NY Slip Op 02642


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
LEONARD B. AUSTIN
JOSEPH J. MALTESE, JJ.


2014-02103
 (Ind. No. 6432/10)

[*1]The People of the State of New York, respondent,
v
Shawn Barnes, appellant.


Paul Skip Laisure, New York, NY (Ronald Zapata of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Ann Bordley of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William E. Garnett, J.), rendered February 13, 2014, convicting him of criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
On July 24, 2010, the defendant was arraigned on a felony complaint. He was thereafter charged, by indictment, with a felony. Prior to trial, the defendant moved to dismiss the indictment on the ground that he was deprived of his statutory and constitutional rights to a speedy trial. The Supreme Court denied the motion.
The defendant was charged with a felony, so the People were required to be ready for trial in six months, accounting for any periods excluded under CPL 30.30(4) (see CPL 30.30[1][a]; [4]). The delay in providing the grand jury minutes was excludable from the calculation of speedy trial days, as the People are entitled to a reasonable period of time for this purpose (see People v Beasley, 69 AD3d 741, affd 16 NY3d 289). Moreover, part of the delay during the period before the People provided the grand jury minutes was excludable because it was at the defendant's request or with his consent (see CPL 30.30[4][b]; People v Whitley, 68 AD3d 790, 791-792; People v Gonzalez, 266 AD2d 562, 563; People v Durette, 222 AD2d 692, 693). Further, delays attributable to the People's motion to compel a handwriting exemplar, or their application for permission to introduce certain of the defendant's prior convictions in evidence, are similarly excludable (see CPL [*2]30.30[4][a]; People v Morris, 94 AD3d 912, 913; People v Durette, 222 AD2d at 693). The periods attributable to the People's efforts to comply with the defendant's requests for discovery were not unreasonable and are likewise excludable, or were the result of continuances granted by the court at the defendant's request or with his consent (see CPL 30.30[4]; People v McCray, 238 AD2d 442; People v Caussade, 162 AD2d 4, 8-12).
Inasmuch as the total time chargeable to the People did not exceed six months, the Supreme Court properly denied that branch of the defendant's motion which was to dismiss the indictment pursuant to CPL 30.30.
The Supreme Court also properly denied that branch of the defendant's motion which was to dismiss the indictment on the ground that his constitutional right to a speedy trial was violated (see CPL 30.20; People v Taranovich, 37 NY2d 442, 445; People v Cantoni, 140 AD3d 782, 784; People v Llorems, 133 AD3d 465).
The Supreme Court's ruling permitting the People to introduce certain prior convictions affords no basis for reversal. The evidence of the defendant's prior convictions was probative on either the issue of his knowledge that the item he possessed was stolen (see People v Cockett, 95 AD3d 1230, 1231; People v Masone, 111 AD2d 189), or on the issue of absence of mistake (see People v Trovato, 202 AD2d 457, 458). Moreover, inasmuch as the probative value of the evidence outweighed the risk of unfair prejudice to the defendant (see People v Till, 87 NY2d 835, 836; People v Carrasquillo, 10 AD3d 424), the court's Molineux ruling was not an improvident exercise of discretion (see People v Molineux, 168 NY 264). In addition, the court's instructions to the jury on the proper use of that evidence alleviated any unfair prejudice resulting from its admission (see People v Beer, 146 AD3d 895; People v Trovato, 202 AD2d at 458).
BALKIN, J.P., LEVENTHAL, AUSTIN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court