People v Dalrymple (2021 NY Slip Op 50124(U))

[*1]

People v Dalrymple (Kelvin)

2021 NY Slip Op 50124(U) [70 Misc 3d 140(A)]

Decided on February 19, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 19, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2017-1556 Q CR

The People of the State of New York,
Respondent,
against
Kelvin Dalrymple, Appellant. 

New York City Legal Aid Society (Ying-Ying Ma of counsel), for appellant.
Queens County District Attorney (Johnnette Traill, Sharon Y. Brodt and Aurora
Alvarez-Calderon of counsel), for respondent.

Appeal from two judgments of the Criminal Court of the City of New York, Queens County
(John Zoll, J.), rendered July 19, 2017. The judgments convicted defendant, upon his pleas of
guilty, of assault in the third degree, in satisfaction of docket 2016QN049226, and obstructing
governmental administration in the second degree, in satisfaction of docket CR-011614-17QN,
and imposed sentences.

ORDERED that the judgments of conviction are affirmed.
In 2016, defendant was charged in docket 2016QN049226 with assault in the third degree
(Penal Law § 120.00 [1]) and harassment in the second degree (Penal Law § 240.26
[1]). In 2017, defendant was charged in docket CR-011614-17QN with obstructing governmental
administration in the second degree (Penal Law § 195.05), criminally using drug
paraphernalia in the second degree (Penal Law § 220.50 [3]), criminal possession of a
weapon in the fourth degree (Penal Law § 265.01 [2]) and criminal possession of marihuana
in the fifth degree (Penal Law § 221.10 [2]).[FN1]
Defendant pleaded guilty to assault in the third degree and obstructing governmental
administration in the second degree, respectively, to satisfy the dockets. He now [*2]argues that the top charge of the 2016 docket of assault in the third
degree and every charge of the 2017 docket are alleged insufficiently on the faces of the
respective accusatory instruments, rendering them both jurisdictionally defective.

Since defendant expressly waived prosecution by information, the accusatory instruments
must be evaluated under the standards that govern a misdemeanor complaint (see People v Dumay, 23 NY3d
518, 524 [2014]); namely, each is sufficient on its face if it contains factual allegations of an
evidentiary character supporting or tending to support the charge (see CPL 100.15 [3])
and provides reasonable cause to believe that the defendant committed the crime charged
(see CPL 100.40 [4] [b]; People v Dumas, 68 NY2d 729, 731 [1986]). The facial
insufficiency of an accusatory instrument constitutes a jurisdictional defect (see People v
Alejandro, 70 NY2d 133 [1987]), which is not forfeited by a defendant's guilty plea (see People v Dreyden, 15 NY3d
100, 103 [2010]; People v
Lucas, 11 NY3d 218, 220 [2008]; People v Konieczny, 2 NY3d 569, 573 [2004]), and which must be
reviewed despite a defendant's failure to raise it in the Criminal Court (see Alejandro, 70
NY2d 133).

With respect to the 2016 docket, the allegations of the accusatory instrument that "defendant
punched [the complainant] in the face causing a bleeding laceration and swelling to his lip," as
well as substantial pain, render the charge of assault in the third degree, to which defendant
pleaded guilty, jurisdictionally sufficient (see e.g. People v Cordova, 62 Misc 3d 148[A], 2019 NY Slip Op
50227[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; People v Raymond, 51 Misc 3d
149[A], 2016 NY Slip Op 50834[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2016]; People v Biamonte, 19 Misc
3d 139[A], 2008 NY Slip Op 50896[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2008]).

It is alleged in the accusatory instrument for the 2017 docket that a police officer observed a
vehicle, in which defendant was a front seat passenger, "accelerat[ing] at a high rate of speed,"
leading to the effectuation of a traffic stop. "[U]pon asking multiple times for the defendant and
the apprehended other to step out of the vehicle, both . . . refused." Subsequently, an officer
"recovered a black and silver knife from the center console of the . . . vehicle" and "a bag which
contained 41 bags containing a quantity of marijuana which [h]as an aggregate weight of 46
grams and a scale from the front passenger seat floor of the . . . vehicle," where defendant was
seated.

Defendant asserts that the allegation of the vehicle "accelerat[ing] at a high rate of speed"
does not necessarily mean the vehicle was traveling faster than the speed limit, and therefore the
accusatory instrument fails to sufficiently demonstrate that the traffic stop constituted an "official
function." This argument, however, disregards the requirement of the Court of Appeals that "the
factual allegations of an [accusatory instrument] . . . be given a fair and not overly restrictive or
technical reading" (People v Casey, 95 NY2d 354, 360 [2000]). Instead, we "draw[]
reasonable inferences from all the facts set forth in the accusatory instrument" (People v Jackson, 18 NY3d 738,
747 [2012]), and find that the allegation of a "high rate of speed" reasonably implies that the
vehicle was speeding unlawfully, i.e., whether "at a speed greater than is reasonable and prudent
under the conditions and having regard to the actual and potential hazards then existing," in
violation of Vehicle and Traffic Law § 1180 (a), or at a speed greater than the established
maximum speed limit, in violation of Vehicle and Traffic Law § 1180 (b), (d). Therefore,
the car stop effectuated by the police to investigate the observed violation of the speeding statute
of the Vehicle and Traffic Law was an "official function" of which defendant was given
sufficient notice to prepare his defense (see People v Wheeler, 34 NY3d 1134, 1135-1136 [2020]).
Furthermore,

"[i]n light of the heightened dangers faced by investigating police officers during traffic
stops, a police officer may, as a precautionary measure and without particularized suspicion,
direct the occupants of a lawfully stopped vehicle to step out of the car. . . . Consequently, when
defendant refused to exit the vehicle, the officer . . . had probable cause to arrest defendant for a
violation of Penal Law § 195.05" (People v Williams, 55 Misc 3d 134[A], 2017 NY Slip Op
50478[U], *2 [App Term, 2d Dept, 2d, 11th & 13th [*3]Jud
Dists 2017], citing People v Garcia,
20 NY3d 317 [2012]; see People v
Graves, 142 AD3d 559 [2016]).

Because defendant pleaded guilty to the facially sufficient, top count of the accusatory
instrument for the 2017 docket, we do not pass upon his now-academic averment that each of the
three other charges are facially insufficient (see People v Anderson, 66 Misc 3d 138[A], 2020 NY Slip Op
50091[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]).

Accordingly, the judgments of conviction are affirmed.

WESTON, J.P., ELLIOT and TOUSSAINT, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: February 19, 2021

Footnotes

Footnote 1:At the time of defendant's
conviction on July 19, 2017, Penal Law § 221.10 (2) was a class B misdemeanor under
which it was a crime to "knowingly and unlawfully possess[] . . . one or more preparations,
compounds, mixtures or substances containing marihuana and [with] an aggregate weight of
more than twenty-five grams." As of January 1, 2020, this former subsection (2) has been
reclassified as a stand-alone "violation punishable only by a fine of not more than two hundred
dollars" and requiring an "aggregate weight of more than one ounce" (Penal Law § 221.10).