People v Clarke (2025 NY Slip Op 51204(U))

[*1]

People v Clarke

2025 NY Slip Op 51204(U)

Decided on July 25, 2025

Criminal Court Of The City Of New York, Kings County

Tisne, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 25, 2025
Criminal Court of the City of New York, Kings County

The People of the State of New York,

against
Andrew Clarke.

Docket No. CR-052537-24KN

For the People: John Baladi
For defendant: Max Baumbach

Philip V. Tisne, J.

Defendant is charged in an information with two counts of Operating a Motor Vehicle While Under the Influence of Alcohol or Drugs (VTL § 1192[1], [3]) and one count of Obstructing Governmental Administration in the Second Degree (Penal Law § 195.05[1]). He moves to dismiss those charges on the ground that he has been denied his statutory right to a speedy trial under CPL 30.30. See CPL 170.30(1)(e). The court assumes the parties' familiarity with the facts and legal arguments raised in the motion. For the reasons stated below, defendant's motion to dismiss is DENIED.
On December 10, 2024, the People commenced this action by filing a misdemeanor complaint. Because the complaint charged at least one misdemeanor that carried a sentence of more than three months in jail (e.g., VTL § 1192[1]), the People were required to announce their trial readiness within 90 days of the action's commencement—i.e., by March 10, 2025.[FN1]
See CPL 30.30(1)(b), (4). To declare their readiness, among other things, the People were required to certify that "all counts charged in the accusatory instrument meet the requirements" of CPL 100.15 and CPL 100.40 and that the counts not meeting those requirements "have been dismissed." CPL 30.30(5-a). On February 20, 2025, the People filed an off-calendar "superseding information," which omitted certain counts that had been included in the [*2]complaint, as well as a certificate of compliance ("COC") certifying that "all counts in the superseding accusatory instrument" met the requirements of CPL 100.15 and CPL 100.40.[FN2]

In his dismissal motion, defendant raises two challenges to the People's CPL 30.30(5-a) certification. He claims that the certification was invalid because, at the time it was made, the unconverted counts that were omitted from the information had not yet been dismissed; those counts were not dismissed, he claims, until he was arraigned on the information (Reply ¶ 13). Next, defendant claims that the certification was invalid because the information charged a facially insufficient count of obstructing governmental administration (Mot. 11-15). Defendant argues that because the People's CPL 30.30(5-a) certification was invalid, their statement of readiness was illusory, and their 90-day speedy-trial clock expired on March 10, 2025 (Mot. 18-21). These arguments fail.
First, contrary to defendant's contention, the counts that were charged in the complaint but omitted from the information were dismissed by operation of law when the People filed the information on February 20, 2025. Defendant contends that these counts were not dismissed until he was arraigned on the information, but there is no provision of the Criminal Procedure Law dictating that result. To be sure, when a new information is filed after an older one, the Criminal Procedure Law provides that redundant counts in the old information are not dismissed until the defendant has been arraigned on the new information. See CPL 100.50(1). But no provision imposes the same rule where an information replaces a complaint. See CPL 100.50(3); 170.65(1). This different treatment makes sense. A defendant can be prosecuted on more than one (i.e., a "successive") information, so an older information continues to have legal effect notwithstanding the filing of a new information. See, e.g., People v. Thomas, 4 NY3d 143, 147-48 (2005); see also William C. Donnino, Practice Commentaries, McKinney's Consol. Laws of NY, Book 11A, CPL 100.50 (online) (comparing successive and superseding accusatory instruments). But a defendant cannot be prosecuted simultaneously on a complaint and an information. Phrased differently, a complaint cannot be succeeded by an information; it can only be "replaced and superseded" by an information. CPL 100.50(3). Since a complaint and an information cannot legally coexist, the filing of an information terminates the earlier misdemeanor complaint. As a result, contrary to defendant's contention in this case, the counts that were included in the complaint in this case but omitted from the information were dismissed when the People filed the information omitting them.
The People's off-calendar motion to dismiss counts does not require a different result. Defendant argues that, by filing the motion to dismiss, the People in effect filed only a "proposed" information, to be accepted by the court if it granted the motion to dismiss (Reply ¶ 13). But nothing in the record suggests that the People intended to file only a "proposed" accusatory instrument, and no provision of the Criminal Procedure Law requires or permits such a filing. To [*3]the contrary, throughout the Criminal Procedure Law, an accusatory instrument has legal effect when it is filed. See CPL 100.05 (commencing an action); see also CPL 1.20(24) (triggering a superior court's exclusive trial jurisdiction over felonies). As defendant rightly points out, the People's practice of filing an information together with a motion to dismiss counts in a misdemeanor complaint is confounding and raises potentially nettlesome questions of timing in cases unlike this one—for instance, cases where the court grants the dismiss-counts motion. Because those questions are not presented here, the wisdom of the People's practice is not ripe for comment. Instead, it is sufficient to conclude that the People's redundant motion to dismiss was academic and did not affect the properly filed information.
Second, the obstructing governmental administration count in the information is facially sufficient. To be facially sufficient, an information must allege "facts of an evidentiary character" demonstrating "reasonable cause to believe that the defendant committed the charged offense." People v Kalin, 12 NY3d 225, 228-29 (2009) (quotation marks omitted); see CPL 100.40(1)(b). "Reasonable cause" exists when the factual allegations of the information "are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it." CPL 70.10(2). In addition, an information must "set forth 'nonhearsay allegations which, if true, establish every element of the offense charged and the defendant's commission thereof.'" Kalin, 12 NY3d at 228-29 (quoting People v Henderson, 92 NY2d 677, 679 (1999)); see CPL 100.40(1)(c).
As is relevant here, a person is guilty of second-degree obstruction of governmental administration when they intentionally prevent or attempt to prevent a public servant from performing an official function by means of physical force or interference. See Penal Law § 195.05(1); see also CJI 2d (NY)—Penal Law § 195.05(1). The People's information alleged that the subscribing officer "observed the defendant driving a 2007 Chrysler with no headlights on" which was "swerving in and out of traffic lanes." The information alleged further that the officer "attempted to stop the defendant" and that defendant "pulled the defendant's vehicle over to the side of the road and then drove away from officers at a high rate of speed." Giving these allegations "a fair and not overly restrictive or technical reading," Kalin, 12 NY3d at 230, they are facially sufficient to allege a charge of second-degree obstructing governmental administration.
Defendant contends that the information does not sufficiently allege that the officer was performing an official function (Mot. 13-14). But it is fair to infer that the officer was conducting a traffic stop—authorized official conduct for a police officer, see CPL 140.10(1)-(2)—from the allegation that he attempted to pull defendant's vehicle over after he observed alleged traffic violations. These allegations about the basis for the traffic stop were sufficient for the accusatory instrument to put defendant on notice of the character of the official function that the officer was attempting to perform. Compare People v Wheeler, 34 NY3d 1134, 1135-36 (2020) (official function facially insufficient where basis for traffic stop was not alleged in information), with People v Rush, 85 Misc 3d 134(A), *1 (App Term, 2d Dept 2025) (official function sufficiently alleged where traffic stop was for excessively tinted windows); People v Dalrymple, 70 Misc 3d 140(A), *2 (App Term, 2d Dept 2021) (official function sufficiently [*4]alleged where traffic stop was for speeding). Furthermore, contrary to defendant's contention (Mot. 14), it is fair to infer that defendant was aware of the official character of the traffic stop from the allegation that he complied with the officer's attempt to stop his vehicle. See People v Williams, 55 Misc 3d 134(A), *2 (App Term, 2d Dept 2017) ("defendant's intent to interfere can be inferred from his alleged actions and the surrounding circumstances").
Defendant also contends that the information lacks any allegation that he interfered with the officer's official function. While interference must be at least partly "physical in nature," People v Case, 42 NY2d 98, 102 (1977), there is no requirement that a defendant make contact with an officer under the statute. Rather, the statute can be satisfied by "minimal interference set in motion to frustrate police activity." Matter of Davan L., 91 NY2d 88, 91 (1997). Here, the allegation that defendant sped away from the officer's attempted traffic stop sufficiently alleged defendant's attempt to interfere with that official function through action—fleeing the scene in an automobile—that was physical in nature. See People v Bucalo, 60 Misc 3d 130(A), *4 (App Term, 2d Dept 2018) (allegation that defendant "attempted to walk away from the scene" of a traffic stop sufficiently alleged interference with official function in an information); accord People v Ortega, 83 Misc 3d 5, 7 (App Term, 1st Dept 2024) (allegation that defendant "accelerated and drove away" from a traffic stop sufficiently alleged interference with official function in a misdemeanor complaint).
In sum, there is no merit to either of defendant's challenges to the People's CPL 30.30(5-a) certification. For that reason, there is no need to address defendant's further claim that dismissal of the facially sufficient counts in the information would be the appropriate remedy for the People's allegedly defective CPL 30.30(5-a) certification. In any event, dismissal of the facially sufficient counts would not be appropriate under the circumstances, even if the information here contained other facially insufficient counts. The Legislature enacted CPL 30.30(5-a) in 2019 to end the practice of "partial conversion," under which the People were permitted to declare ready for trial where they had converted some but not all of the counts in a complaint. See, e.g., People v Cates, 48 Misc 3d 135(A), *1 (App Term, 1st Dept 2015); People v Minor, 144 Misc 2d 846, 848 (App Term, 2d Dept 1989); see also Ch. 59, pt. KKK § 1, 2019 NY Laws (LRB) 1, 132 (enacting CPL 30.30[5-a]). Under the new provision, to declare ready for trial, the People must certify that all, not merely some, of the counts comply with the requirements for an information. See William C. Donnino, Supplementary Practice Commentaries, McKinney's Consol. Laws of NY, Book 11A, CPL 30.30 (online). A complete certification is not invalid, however, merely because a court later determines that one of the counts in the information is facially insufficient. See People v Williams, 83 Misc 3d 21, 23 (App Term, 2d Dept 2024); see also People v Robinson, 83 Misc 3d 129(A), *1 (App Term, 2d Dept 2024). In such a case, the appropriate remedy is dismissal of the facially insufficient count or counts, not dismissal of the entire instrument.
The motion to dismiss is therefore DENIED. This constitutes the order of the court.
Dated: July 25, 2025
Brooklyn, New York
Hon. Philip V. Tisne

Footnotes

Footnote 1:In addition to the charges listed above, the complaint charged defendant with Reckless Driving (VTL § 1212), Operating a Motor Vehicle While Under the Influence of Alcohol or Drugs (VTL § 1192[2]), Operating a Vehicle Without Required Equipment (VTL § 375[2][A][1]).

Footnote 2:When the People filed their information, they also filed a motion to dismiss counts in the complaint. According to the court file, this motion was never granted: there is no order granting it, and there is no notation on the complaint striking the to-be dismissed counts from that accusatory instrument.