People v Salaman (2025 NY Slip Op 51551(U))

[*1]

People v Salaman

2025 NY Slip Op 51551(U) [87 Misc 3d 1212(A)]

Decided on September 26, 2025

Criminal Court Of The City Of New York, New York County

Shamahs, J.

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 26, 2025
Criminal Court of the City of New York, New York
County

The People of
the State of New York, Plaintiff,

against
Wilfredo Salaman, Defendant.

CR-028948-24NY

For Defendant: Twyla Carter, The Legal Aid Society (Lila Carpenter Esq. of
Counsel) 
For the People: Alvin Bragg, New York County District Attorney's Office
(ADA Kailey Wilk Esq. of Counsel)

Elizabeth Y. Shamahs, J.

On September 27, 2024, at approximately 8:00 AM, complaining witness, A.F.,
observed defendant, Wilfredo Salaman, inside of 111 West 16th Street, New York, New
York, in violation of a court ordered Order of Protection. Defendant advanced towards
her while holding a glass vase, threatening to hit her with it, and placing her in
immediate fear of physical injury. On September 30, 2024, at the same address,
defendant advanced towards A.F. while holding a vacuum and stated, in sum and
substance, "I am from the streets. I will do it," placing A.F. in immediate fear of physical
injury.
For these acts, defendant was arrested and charged with two counts of Menacing in
the second degree (Penal Law §120.14[l]), two counts of Criminal Contempt in the
Second Degree (Penal Law §215.50[3]), two counts of Criminal Possession of a
Weapon in the Fourth Degree (Penal Law § 265.01[2]), and two counts of
Menacing in the Third Degree (Penal Law §120.15).
On October 4, 2024, defendant was arraigned before the Honorable Simiyon Haniff
and the case was adjourned to November 13, 2024, in Part D for supporting
deposition.
On November 13, 2024, the People were not ready for trial but filed a supporting
deposition. The accusatory instrument was converted to misdemeanor information. The
case was adjourned to January 6, 2025, for trial and for the People to file a Certificate of
Compliance (COC) and Statement of Readiness (SOR) in Part D.
In the interim, on December 31, 2024, the People filed an off-calendar COC and
SOR, bringing the case into the post-readiness context.
At the January 6, 2025, calendar date, the People maintained their prior readiness.
Defense counsel requested an adjournment to review discovery, and the case was
adjourned to February 10, 2025, in Part D for trial.
At the February 10, 2025, calendar call, the People maintained their prior readiness
and substitute defense counsel was assigned. Defense counsel requested an adjournment
to review the case file. The case was adjourned to March 27, 2025, for trial.
At the March 27, 2025, calendar call, the People were ready for trial. Defense
counsel was not ready for trial, stating that she had not received all of the transferred
discovery and thusly requested an adjournment. The case was adjourned for May 15,
2025, for trial.
On May 15, 2025, the People were ready for trial, but defense counsel was not ready
and requested an adjournment. The case was adjourned to June 4, 2025, for trial, in Part
D.
On June 4, 2025, defendant was not present, as he thought the case was calendared
for June 6, 2025. The case was adjourned to June 6, 2025, for trial in Part D.
On June 6, 2025, the People maintained their prior readiness and defense counsel
requested a motion schedule, which was subsequently granted. The case was adjourned
for decision on defendant's motion to July 30, 2025, in Part D.
On July 30, 2025, the Court issued a written decision on the motion. In its written
decision, the court dismissed three counts from the accusatory instrument, leaving five
counts remaining. The court also granted suppression hearings.
On the same date, at the calendar call, defense counsel requested the instant motion
schedule. The case was adjourned to September 26, 2025, for decision in Part D.
Now, in papers dated July 31, 2025, defendant, through counsel, now moves this
Court for an Order dismissing the criminal court information on the ground that he has
been denied a speedy trial. In support of his motion, he argues that because the court
dismissed three counts of the misdemeanor information, that all the People's prior
statements of readiness were illusory, insufficient to stop the speedy trial clock, and that
the case must be dismissed pursuant to speedy trial (Defendant's Motion ¶ 13). In
this vein, he further argues that every adjournment following December 31, 2024, the
date the People filed their COC/SOR, to June 6, 2025, the date the court set the present
motion schedule, is chargeable to the People, even for adjournments where counsel was
assigned or where defense counsel answered not ready for trial, resulting in over 200
days chargeable (Defendant's Motion ¶ 10-11). Finally, defendant contends that the
People did not file a superseding information or facially sufficient accusatory instrument
within the People's statutory 90 days and that the case should be dismissed accordingly
(Defendant's Motion ¶ 12).
The People oppose in response papers, dated August 20, 2025. They argue that the
People filed a valid COC and SOR, made in good faith after exercising due diligence,
and that the dismissal of the three facially insufficient counts does not render their prior
SOR illusory, nor does it merit wholesale dismissal of the information (People's
Response at 8). They further argue that defendant's motion is to be properly argued under
CPL 30.30(5-a) and that the statutory language only dictates that the prosecutor certify
that all remaining counts are facially sufficient, and not that all counts actually be facially
sufficient (People's Response at 8). In support of this argument, the People point out that
the legislative history of the statute, as written in the proposed bill SB 2019-1738,
initially read that "a statement of readiness shall not be valid unless all counts charged in
the accusatory instrument meet the requirements of subdivision one, two, or three of
section 100.40 of this chapter and the prosecution moves to dismiss any counts not
meeting such" (People's Response at 9 quoting 2019 NY SB 2019-1738). They further
argue that they should not be penalized with the extreme sanction of dismissal for their
oversights made in good faith. (People's Response at 9). With respect to CPL
§30.30, the People argue that [*2]they are
chargeable with 88 days, from the time of their statement of readiness to the present, well
within their statutory limit, and that defendant's motion should be denied. (People's
Response at 3).
In reply papers dated August 27, 2025, defendant argues that he is only challenging
the People's statements of readiness on account that they were never ready for trial. In
support of this claim, he argues that, pursuant to CPL §30.30(5-a), while a
prosecutor need only certify that all counts charged in the accusatory instrument meet the
requirements of CPL§§ 100.15 and 100.40 and that those that do not have
been dismissed, that a subsequent court finding of a facially insufficient count overrides
this because the Legislature could not have intended for the People to certify any
charging document and would render the statute toothless (Defendant's Reply ¶ 7).
Next, relying on People v Powell, 74 Misc 3d 51 (App Term 1st Dept 2022),
defendant argues that an inaccurate CPL §30.30(5-a) certification renders all prior
ready statements invalid (Defendant's Reply ¶ 7a). CPL §30.30 only provides
for a single period wherein the People must be ready for trial, determined by the highest
charged offense. Thus, he argues, the People cannot "split" readiness between counts
— being ready on some counts and not others — and that a single
declaration of readiness applies to every count contained in an accusatory instrument
(Defendant's Reply at ¶ 7b). In that regard, defendant additionally argues that
"partial readiness" is insufficient for a facially sufficient accusatory instrument
(Defendant's Reply ¶ 7c). Finally, in regard to chargeable days, defendant argues
that the People are chargeable from the commencement of the criminal action to the date
of defendant's motion because there were no waivers nor any exclusions in effect
(Defendant's Reply ¶ 9).
After a thorough review of the parties' moving papers, along with the annexed
exhibits therein, the court file, and the court minutes, the Court's Opinion is as
follows:
In order to prevail on a motion to dismiss under CPL § 30.30 (1)(a), a
defendant must present sworn allegations of fact establishing an unexcused delay that
exceeds the statutory limit. People v Allard, 28 NY3d 41 (2016); People v
Cortes, 80 NY2d 201, 215-216 (1992); People v Santos, 68 NY2d 859, 861
(1986); People v Lomax, 50 NY2d 351, 357 (1980). At a minimum, the
defendant must claim that the People failed to announce their readiness for trial within
the statutorily prescribed period in order to meet their initial burden. People v Beasley, 16 NY3d
289, 292 (2011); People v
Allard, 28 NY3d 41 41 (2016); People v Luperon, 85 NY2d 71 (1995).
Once the defendant has asserted that more than the statutorily prescribed time period has
elapsed since the commencement of a criminal action without a valid declaration of
readiness from the People, the People bear the burden of establishing sufficient
excludable delay. People v Berkowitz, 50 NY2d 333 (1980).
Pursuant to CPL §30.30(1)(b), the People must be ready for trial within "ninety
days of the commencement of the criminal action" where a defendant is charged with "a
misdemeanor punishable by a sentence of imprisonment of more than three months "
See CPL §30.30(1)(b). Here, the criminal action commenced, on a
misdemeanor with a sentence of imprisonment of more than three months, on October 4,
2024, where the accusatory instrument was filed, and defendant arraigned the same day.
So, speedy trial began to run the same day with an allowable ninety-days.
At all times until the People announce that they are ready for trial, the People are
chargeable with the time that elapses unless they can show that the specific delay is not
chargeable to them pursuant to an exception enumerated in the statute. CPL §§
30.30(1), (4); People v
Torres, 205 AD3d 524, 525-26 (1st Dept 2022). For a statement of readiness to
be [*3]valid, the People must, at or before the time of the
statement of readiness, serve and file a valid COC with the disclosure requirements of
CPL § 245.20(1), stating that, after exercising due diligence and making reasonable
inquiries and efforts to obtain and provide the material required to be disclosed under
that section. CPL §§ 30.30(5), 245.50(5), (6). In addition, pursuant to CPL
§ 30.30(5-a), for a statement of readiness upon a local criminal court accusatory
instrument to be valid, the People must certify that all counts charged in the accusatory
instrument meet the requirements of CPL §§ 100.15 and 100.40, and that all
counts not meeting those requirements have been dismissed. Once the People have met
their statutory predicates, a statement of readiness is "presumed truthful and accurate and
that a defendant who challenges such a statement must demonstrate that it is illusory" People v Brown, 28 NY3d
392 (2016). Thus, "[i]n the absence of proof that [a] readiness statement did not
accurately reflect the People's position ..., the People [have] discharged their duty under
CPL 30.30" People v Carter, 91 NY2d 795 (1998)).
Here, the People satisfied those prerequisites for a valid statement of readiness, by
filing a SOR, in the same document, properly certifying the People's compliance with
their discovery obligations as well as certifying that all counts in the accusatory
instrument met the requirements of CPL §§ 100.15 and 100.40, and that those
counts not meeting those requirements had been dismissed.
Contrary to defendant's suggestion, the language of CPL§ 30.30(5-a) states that,
for a statement of readiness with respect to a local criminal court accusatory instrument
to be valid, the prosecutor must certify that all counts of the accusatory instrument meet
the requirements of CPL §§ 100.15 and 100.40. That language does not state
that, for a statement of readiness to be valid, all counts of the accusatory instrument must
actually meet the requirements of CPL §§ 100.15 and 100.40. If the
Legislature had intended for a statement of readiness to be invalid unless all counts of the
accusatory instrument met the requirements of CPL §§ 100.15 and 100.40,
then the Legislature presumably would have written CPL § 30.30(5-a) to say so. It
did not. And as the People correctly point out, the fact that the Legislature rejected the
draft phrase, in SB 2019-1738, "shall not be valid unless all counts charged in the
accusatory instrument meet the requirements " in favor for the statute as enacted only
further supports this conclusion. See Majewski v Broadalbin-Perth Central School
District, 91 NY2d 577, 587 (1998) (courts may examine changes made in proposed
legislation to determine intent);
People v Corr, 42 NY3d 668, 673 (2024) ("[c]ourts 'cannot amend a statute by
inserting words that are not there, nor will a court read into a statute a provision which
the [1]egislature did not see fit to enact'" [quoting People v Hardy, 35 NY3d 466, 474 (2020); brackets in
Corr]); People v. Tychanski, 78 NY2d 909, 911-12 (1991) (applying
principle, in construing CPL § 30.30, that "[t]he failure of the Legislature to include
a matter within a particular statute is an indication that its exclusion was intended"
[quotation marks and citations omitted].
Likewise, a comparison of the certification requirements described in CPL
§§ 30.30(5) and 30.30(5-a) further illustrate the point. The now defunct rule
regarding the validity of a statement of readiness in relation to the certification
requirement described in CPL § 30.30(5) was formerly that a "proper
certificat[ion]" of good-faith compliance with the discovery requirements (former CPL
§245.50[3], §30.30[5]), which has been recently amended to require a "valid
certificat[ion]" (CPL §§ 245.50(3); 30.30(5)). By contrast, the prerequisite to a
valid statement of readiness under CPL §30.30(5-a) is that the prosecutor "certifies"
that the counts meet the specified requirements of CPL §§ 100.15 and 100.40.
While not immediately apparent [*4]at first blush, the
subtle difference in phrasing is actually crucial. One requires a "valid," formerly "proper"
certification, and the other does not. Put another way, while a prosecutor must "validly"
certify readiness under CPL § 30.30(5), formerly "proper[ly]" certify, he does not
need to "validly" certify or "properly" certify under CPL § 30.30(5-a). And because
principles of statutory construction require that statutes "be interpreted so as to give
effect to every provision" and that "a construction that would render a provision
superfluous is to be avoided" (Majewski v Broadalbin-Perth Central School
District, 91 NY2d 577, 587 [1998]; Matter of On Bank & Trust Co, 90
NY2d 725, 731 [1997]), this Court must assume that there is a difference between "valid
certificat[ion] and "certifies," so as not to render the "valid" term superfluous.
Additionally, CPL § 30.30 (5-a) must be analyzed in accordance with other
statutes. CPL §§ 100.15, 100.40 and 170.35, give a more in-depth, accurate
understanding of the legislative intent behind CPL § 30.30 (5-a). Each of those
statutes, in setting forth the legal requirements of a valid accusatory instrument, speak of
the sufficiency of the information "or a count thereof." And CPL §170.35(1)(a), in
defining a defective accusatory instrument, sets forth the basis upon which it is
appropriate to dismiss an instrument "or count." Thus, the Legislature's intent to allow
for the dismissal of a defective count of an accusatory instrument without dismissing the
entire information is clear in the language of those statutes. CPL § 30.30(5-a)
references and incorporates those statutes but does not contain any language that would
abrogate the provisions that allow for the dismissal of defective counts. The principles of
statutory construction require that "courts must harmonize the various provisions of
related statutes and construe them in a way that renders them internally compatible" (People ex rel McCurdy v Warden,
Westchester County Corr Facility, 36 NY3d 251 [2020]) (quotation marks,
brackets, and citations omitted) and that statutes "be interpreted so as to give effect to
every provision" and that "a construction that would render a provision superfluous is to
be avoided" (Majewski v Broadalbin-Perth Central School District, 91 NY2d
577, 587 [1998]); Matter of On Bank & Trust Co, 90 NY2d 725, 731
[1997]). Thus, it is the intent of the Legislature for the dismissal of defective counts of a
multi-count instrument without dismissal of the entire instrument. See People v. Councel, 77
Misc 3d 1132, 1135-36 (Crim Ct Kings County 2022)
Moreover, this Court additionally declines defendant's proposed construction of the
law because the Legislature could not have meant for the extreme remedy of dismissal of
an entire accusatory instrument containing facially sufficient counts for commonplace
situations where a court subsequently dismisses one or more facially insufficient
counts. See People v.
Councel, 77 Misc 3d 1132, 1135-36 (Crim Ct Kings County 2022) (under CPL
§ 30.30[5-a], "courts should not penalize the People with the extreme sanction of
dismissal for typographical errors, honest omissions, and oversights made in good faith
under the circumstances"); see
also People v Leon, 10 NY3d 122 (2008) (declining to give interpretation to
statute that would lead to "unworkable results"); People v Crespo, 32 NY3d 176, 183 (2018) (courts should
construe statutes so as to avoid "an unreasonable or absurd application of the law").
Accordingly, for all the reasons discussed extensively throughout, this Court holds,
as many other trial courts have, that the facial insufficiency of one or more counts of a
multi-count accusatory instrument does not render a statement of readiness invalid with
respect to the remaining counts. See People v Williams, 83 Misc 3d 21, 23 (App Term 2d,
11th & 13 Jud Dists), leave granted, 42 NY3d 941 (2024); People v Cecilio,
218 NYS3d 792 (Crim Ct NY 2024) (SOR not illusory where endangering charge later
determined facially insufficient); People v Ventura, 78 Misc 3d 405 (Suffolk Dist Ct, 1st
Dist 2022) (where People certified legal [*5]sufficiency
of all accusatory instruments, and some accusatory instruments later deemed facially
insufficient, COC/SOR still valid as to the remaining accusatory instruments); People v Carter, 86 Misc 3d
1248(A) (Crim Co Bronx Co 2025) (later dismissal of facially insufficient count has
no effect on the People's readiness where no bad faith alleged); People v Clarke,
2025 NY Slip Op. 51204(U), at *3 (Crim Ct, Kings Co 2025) (Tisne, J) ("A complete
certification is not invalid, however, merely because a court later determines that one of
the counts in the information is facially insufficient."). Defendant's remaining
contentions in this regard are denied as meritless.
This Court now turns to the remainder of defendant's speedy trial motion. With
respect to CPL 30.30, the law distinguishes between delays occurring before the People
have announced their readiness for trial from those that occur after the People have
announced ready. People v Anderson, 66 NY2d 529, 534 (1985). While
pre-readiness delays are excludable only if the People can establish that they fit within a
category specifically excludable by statute, post-readiness delays are charged to the
People only if they actually cause the People to become not ready for trial and are not
specifically excludable by statute. People v Cortes, 80 NY2d 201, 210 (1992);
Anderson, 66 NY2d at 534. And once in the post-readiness context of the case,
the People will only be charged with delays that are attributable to their inaction and that
directly implicate their ability to proceed to trial. People v Nielsen, 306 AD2d
500 (2d Dept 2003). 
In regard to the post-readiness posture, the burden shifts to defendant to show that
delays occurred under circumstances that should be charged to the People.
Cortes, 80 NY2d at 215-16; Anderson, 66 NY2d at 541; People v
Collins, 82 NY2d 177 (1993); see also CPL § 210.45(7). However, it is
the prosecution's burden, in the first instance, to ensure the that the record of the
proceedings with respect to adjournments is clear as to who is attributable with any delay
to allow courts to make an informed decision on a 30.30 motion. Cortes, 80
NY2d at 215-16; People v Collins, 82 NY2d 177 (1993). In addition, the People
are not required to declare their readiness repeatedly through the pendency of a criminal
action. Cortes, 80 NY2d at 214.
Cognizant of all the relevant and applicable standards of law, and after reviewing the
parties' submissions and their annexed exhibits, along with the court minutes, the Court's
speedy trial computation and analysis is as follows:
The criminal action commenced on October 4, 2024, upon the filing of the
accusatory instrument, and defendant was arraigned the same day before the Honorable
Simiyon Haniff. The case was adjourned to November 13, 2024, in Part D for supporting
deposition. The day of reckoning is excluded from the computations. People v
Stiles, 70 NY2d 765 (1987). (40 days charged, 40 days total).
On November 13, 2024, the People were not ready for trial and filed a supporting
deposition and the accusatory instrument was converted to a misdemeanor information.
The case was adjourned to January 6, 2025, for trial and for the People to file a COC and
SOR in Part D. In the interim, on December 31, 2024, the People filed an off-calendar
COC and accompanying SOR, bringing the case into the post-readiness context. See
People v Stirrup, 91 NY2d 434 (1998). (48 days charged, 88 days
total).
At the January 6, 2025, calendar date, the People maintained their prior readiness.
Newly assigned defense counsel requested an adjournment to review discovery, and the
case was adjourned to February 10, 2025, in Part D for trial. This period is excluded
because adjournments by newly appointed defense counsels to familiarize themselves
with the case are excludable. People v Whitley, 68 AD3d 790 (2d Dept 2009); see
also People v Worley, 66 NY2d [*6]523, 527 (1985);
People v Alvarado, 281 AD2d 318, 319 (1st Dept 2001). In addition, the
adjournment is excluded as an adjournment granted at the request of, or with the consent
of, defense counsel. See CPL § 30.30(4)(b); People v Meierdiercks,
68 NY2d 613, 614 (1986); People v Barnes, 160 AD3d 890 (2d Dept 2018); People v Morris, 94 AD3d
912, 913 (2d Dept 2012). And contrary to defendant's instant claim, the mere fact
that defense counsel has not agreed to a waiver of speedy trial does not render counsel's
requested adjournment chargeable to the People. People v Bonilla-Benitez, 81 Misc 3d 135(A) (App Term,
2d, 9 & 10 Jud Dist 2023). (0 days charged, 88 days total).
At the February 10, 2025, calendar call, the People maintained their prior readiness
and substitute defense counsel from the same agency was assigned. Defense counsel
requested an adjournment to review the case file. The case was adjourned to March 27,
2025, for trial. This period is excluded. See CPL § 30.30(4)(b); People v Whitley, 68 AD3d
790 (2d Dept 2009); People v Meierdiercks, 68 NY2d 613, 614 (1986); People v Barnes, 160 AD3d
890 (2d Dept 2018); People
v Morris, 94 AD3d 912, 913 (2d Dept 2012). (0 days charged, 88 days
total).
At the March 27, 2025, calendar call, the People were again ready for trial but a
different newly assigned defense counsel from the same agency requested an
adjournment to review discovery. The case was adjourned for May 15, 2025, for trial.
This period is excluded. See CPL § 30.30(4)(b); People v Whitley, 68 AD3d
790 (2d Dept 2009); People v Meierdiercks, 68 NY2d 613, 614 (1986); People v Barnes, 160 AD3d
890 (2d Dept 2018); People
v Morris, 94 AD3d 912, 913 (2d Dept 2012). (0 days charged, 88 days
total).
On May 15, 2025, the People were ready for trial, but defense counsel was not ready
and requested an adjournment. The case was adjourned for June 4, 2025, for trial, in Part
D. This period is excluded as an adjournment granted at the request of, or with the
consent of, defense counsel. See CPL § 30.30(4)(b); People v
Meierdiercks, 68 NY2d 613, 614 (1986); People v Barnes, 160 AD3d 890 (2d Dept 2018); People v Morris, 94 AD3d
912, 913 (2d Dept 2012). (0 days charged, 88 days total).
On June 4, 2025, the People were ready for trial, but defendant was not present, and
the case was adjourned for June 6, 2025, for trial in Part D at counsel's request. This
period is excluded. See CPL § 30.30(4)(b); People v Meierdiercks,
68 N.2d 613, 614 (1986); People v. Barnes, 160 AD3d 890 (2d Dep't 2018); People v Morris, 94 AD3d
912, 913 (2d Dep't 2012). (0 days charged, 88 days total).
On June 6, 2025, the People maintained their prior readiness and defense counsel
requested a motion schedule, which was subsequently granted. The case was adjourned
for decision on defendant's motion to July 30, 2025, in Part D. This period is excluded
for defendant's motion practice. See CPL § 30.30(4)(a); People v
Brown, 99 NY2d 488, 491-92 (2003); People v Oliver, 87 AD3d 1035, 1036 (2d Dept 2011); People v Newborn, 42 AD3d
506, 507 (2d Dept 2007); People v Inswood, 180 AD2d 649 (2d Dept 1992);
People v Brown, 136 AD2d 715 (2d Dept 1988). (0 days charged, 88 days
total).
On July 30, 2025, the Court issued a written decision on the motion. In its written
decision, the court dismissed three counts from the accusatory instrument, leaving five
counts remaining. The court also granted suppression hearings. On the same date,
defense counsel requested another motion schedule, which was granted by this Court.
The case was adjourned to September 26, 2025, for decision in Part D. This period is
excluded for defendant's motion practice. See CPL § 30.30(4)(a); People
v Brown, 99 NY2d 488, 491-92 (2003); People v Oliver, 87 AD3d 1035, 1036 (2d Dept 2011); People v Newborn, 42 AD3d
506, 507 (2d Dept 2007); [*7]People v
Inswood, 180 AD2d 649 (2d Dept 1992); People v Brown, 136 AD2d 715
(2d Dept 1988). Moreover, this period is separately excluded since the People are entitled
to a reasonable adjournment following the court's decision on omnibus motions.
People v Green, 90 AD2d 705 (1st Dept 1982), lv denied, 5 NY2d 784 (1982)
(People entitled to reasonable adjournment for hearings and trial following court's
decision on motions); People v
Davis, 80 AD3d 494 (1st Dept 2011); People v Solano, 206 AD3d 432 (1st Dept 2022). (0
days charged, 88 days total).
In sum, the People are attributable with 88 days, well within their 90-day
statutory allowances, and defendant's CPL §30.30 motion is denied without a
hearing. And given that only 88 days are chargeable to the People, this Court
declines to address the parties' remaining contentions. Defendant's other motions are also
denied for the foregoing reasons.
The foregoing constitutes the Opinion, Decision, and Order of the Court.
Dated: September 26, 2025
New York, New York
ELIZABETH Y.
SHAMAHS, J.C.C